DAVID C. JOHNSON *vs.* FRED T. BURNHAM et als.

Washington. Opinion November 15, 1921.

*An alleged oral modification or rescission of a written contract, must be by contract for a consideration, otherwise it cannot be made the basis of a valid judgment. Reformation of a written contract on the ground of mistake, is an equitable, not a legal remedy.*

A parol agreement may contradict or vary the terms of a written contract, and in either case, such oral agreement cannot be made the basis of a valid judgment, unless such changes, variations, modifications, or rescission, are by contract for a consideration which must be clearly proved. A written contract may be reformed if it is clearly shown that something was omitted in the written contract by mistake, but such reformation is an equitable, not a legal remedy, and an equitable answer to a legal defense as authorized by R. S., Chap. 87, Sec. 18, must be set up.

On general motion for a new trial and exceptions by defendants. An action of assumpsit to recover damages which plaintiff alleges he suffered by way of loss of profits resulting from an alleged breach of an oral contract made subsequently to the execution of a written contract for sawing lumber. Defendants plead the general issue, and a brief statement setting up a written contract. A verdict for the plaintiff for $1,275 was returned by the jury, and defendant excepted to rulings of the presiding Justice on the admission of evidence, and also filed a motion for a new trial on the usual grounds. Exceptions sustained. Motion sustained.

Case is fully stated in the opinion.

*Gray & Sawyer*, for plaintiff.

*R. J. McGarrigle*, for defendants.

SITTING: CORNISH, C. J., SPEAR, DUNN, MORRILL, DEASY, JJ.

DEASY, J. About July, 1918 the parties to this suit entered into a contract, whereby the plaintiff agreed to set up his portable saw mill upon the defendants' land in Steuben and saw logs for $5.00

per M.   Pursuant to this contract the mill was set up, 640 M. of logs were sawed and the sawing paid for as agreed.

But the plaintiff contends that the defendants agreed to deliver to him for sawing 1,500 M. of logs.   The defendants deny this and say that there was no agreement to deliver any specified quantity. This issue was submitted to a jury.   The plaintiff recovered a verdict.

It appears that on July 19, 1918 the parties made and signed a contract in writing in the following form:

"AGREEMENT.                              July 19-1918.

Agreement between C. D. Johnson of East Orland, Maine party of the first part; and Burnham Brothers, party of the second Part; for sawing of timber on Nash lot and McDavitt lot adjoining, also, if Party of the second Part desires, timber, on Leighton lot, at Steuben, Maine, as follows:   Party of the first part agrees to locate his portable saw mill on Nash lot together with necessary fixtures, boiler, etc. ready to begin operations on or before September, 1918.   Party of the first part to furnish all necessary labor, mill supplies etc. and saw timber into lumber of thicknesses desired by party of the second part, as much as possible to be sawed square edged.   Party of the first part agrees to saw and deliver at mill, to party of the second part, sufficient board sticks to stick all lumber, Party of the first part to saw at his own expense boards for covering in mill, but to leave same on lot when through sawing.   Party of the second part agrees to deliver logs on skids at the mill, and remove lumber as fast as sawed, from tail of mill.   Party of the second part agrees to pay party of the first part weekly, for sawing as shown by survey, at the rate of $5 (Five) per thousand, except that pay for about one week's work shall be held back until completion of job Party of the first part to use slabs and waste wood for fuel, but however, the party of the second part is to have the privilige, if he so desires, to put in a so called "Dutch Oven" at his own expense, and in such case party of the first part agrees, as far as is possible, to use sawdust for fuel, the party of the second Part agrees to remove slabs as fast as made.

Sig.  BURNHAM BROTHERS
Sig.  D. C. JOHNSON
Sig.  A. H. BLAISDELL
Sig."

The written contract obviously contains no agreement to deliver for sawing 1500 M. or any specified quantity of logs. Unless such agreement is shown by legally competent evidence outside the written contract the verdict cannot be sustained.

By uncontradicted evidence it appears that the defendants advertised for a mill to saw 1500 M. of logs and that the plaintiff having answered the advertisement, received from the defendants a letter saying—"Our timber is located in Steuben near Dyer Bay—about 1,500,000 mixed wood."

Testimony was introduced by the plaintiff, (strenuously denied and disputed), tending to show that the defendants verbally agreed that the quantity of logs to be delivered for sawing should be 1500 M.

All the evidence in this paragraph referred to was admitted against the defendants' objection and subject to their exceptions.

The defendants rely upon two correlated legal principles, which may be stated thus:—where parties have entered into a written contract on its face appearing to be complete it presumptively embodies the entire contract between them relating to the subject matter; and, in an action at law evidence of communications prior to or contemporaneous with the making of a written contract cannot be admitted to vary or contradict such contract.

These principles are elementary. The plaintiff does not dispute them but says that they do not apply to the facts in the pending case.

The plaintiff contends, (1) that the evidence admitted subject to the defendants' objection neither contradicts nor varies the written contract. The contract is an "agreement—for sawing of timber on the Nash Lot and the McDavitt Lot"—

The plaintiff seeks to inject into it a parol agreement on the defendants' part to deliver for sawing 1500 M. of lumber—irrespective of the amount of lumber upon the specified lots. Even if this does not contradict the written contract it assuredly varies it— (2) that the alleged agreement to deliver for sawing 1500 M. of logs was an independent collateral contract and as such is provable by parol.

It is, of course, true that no law forbids parties to make two contracts, one written and the other oral, respecting the same subject matter— If the fact is clearly shown; if there is no conflict between the two and if the oral contract does not violate the statute of frauds, both will be given effect by courts. If, however, the written contract is not "of a skeleton nature" (*Gould* v. *Boston Excelsior Co.,*

91 Maine, 220) and is not "apparently incomplete" (*Vumbaca* v. *West*, 107 Maine, 133) but is on its face complete, it presumptively contains the whole agreement (*Chaplin* v. *Gerald*, 104 Maine, 192) and the presumption can be overcome only by clear, strong and convincing evidence—(*Chaplin* v. *Gerald*, supra).

Moreover, in case of conflict the oral contract, in a suit at law, must yield to that in writing.

"In order to let in evidence of a collateral agreement between the parties such agreement must be consistent with the terms of the writing; if the evidence tends to vary or contradict the terms of the written instrument or to defeat its operation it cannot be received."

22 C. J., 1248 and many cases cited.

In *Neal* v. *Flint*, 88 Maine, 72, evidence was admitted of an oral warranty of quantity where no warranty was contained in the written bill of sale.

In that case there is a dissent, and the court has ruled emphatically that the doctrine of the majority opinion is not to be extended— *Burnham* v. *Austin*, 105 Maine, 199. *Saunders* v. *Middleton*, 112 Maine, 434.

The rule which the plaintiff seeks to establish outruns *Neal* v. *Flint* and it involves a variance if not a contradiction of the written contract.

But the plaintiff further urges (3) that the written contract does not include the entire agreement; that through some mischance a part of the contract which the parties had orally made was omitted in the writing.

This if clearly shown is a reason for reforming the contract. But reformation is an equitable not a legal remedy. It could only be availed of in this suit if it had been pleaded by counter brief statement setting up an equitable answer to the defense as presented by the defendants' brief statement R. S., Chap. 87, Sec. 18. In this suit at law with its purely legal pleadings we cannot reform the contract and enforce it in its new form even if the evidence warranted such course.

However, with the view of making an end of the litigation we have examined the case fully to ascertain if it presents the clear and convincing evidence that would justify a reformation of the contract if the process and pleadings permitted. *Liberty* v. *Harris*, 103 Maine, 191. There is no suggestion of fraud and while it is probable

that the plaintiff did not understandingly read the contract there does not appear to have been such a mutual mistake as justifies a reformation of a contract. All the above relates to transactions prior to or contemporaneous with the execution of the written contract.

Its subsequent waiver, rescission or modification could, of course, be proved by parol—*Ockington* v. *Law*, 66 Maine, 555. *Hilton* v. *Hanson*, 101 Maine, 21. *Storer* v. *Taber*, 83 Maine, 388. As Peters, C. J. aptly remarks in the case last above cited: "Parties may contract about a contract as well as concerning anything else." But there must be another contract. A consideration must appear, 22 C. J., 1275 and cases cited. A conversation about a written contract will not modify it even though it discloses that the parties concurred in the same misinterpretation of it.

The evidence of communications prior to the written contract do not sustain the verdict, because so far as they tend to do so they are inconsistent with the writing. There is no evidence that the contract written and signed by the parties was superseded or supplemented by any subsequent oral contract.

It is unfortunate if the plaintiff did not understand the instrument that he signed, but the binding force of a written contract cannot for such reason be relaxed.

*Exceptions sustained.*
*Motion sustained.*