GENE MARSHALL vs. THIMOTHY FENTON ET AL.
LOUIS S. MARSHALL vs. THIMOTHY FENTON ET AL.

\* First Judicial District, Hartford, May Term, 1928.

WHEELER, C. J., MALTBIE, HINMAN, BANKS and ELLS, Js.

Where a servant delegates to a stranger a particular duty, but is not present and does not co-operate in its performance, the master is not liable for the stranger's negligence.

After the defendant K, a dealer in secondhand automobiles, had permitted the defendant F, as a prospective purchaser, to drive a car which was for sale, and F had returned it reporting that it needed certain repairs, which were subsequently made, the foreman in K's garage, in the absence of his employer, allowed F to take it again for a trial drive, in the course of which the plaintiffs were injured through F's negligence. Held that to hold K liable under the circumstances for F's negligence would involve an unprecedented and unwarranted extension of the doctrine of respondeat superior, as applied to the owner of an automobile, beyond the limits impliedly fixed by the General Assembly through the repeal of the so-called "bailee" statute (§ 4 of Chapter 216 of the Public Acts of 1905) and the enactment of the "renting or leasing" statute (§ 21 of Chapter 195 of the Public Acts of 1925).

Having of necessity made K their own witness as to the extent of his foreman's authority, and having been met with his unexpected testimony that such authority did not include the acts in question, the plaintiffs offered, and the trial court admitted, a contradictory statement made and signed by K two months after the accident. Held that this ruling was within the sound discretion of the trial court.

The only remedy on appeal for the erroneous refusal of the trial court to direct a verdict is the same as that available for improper instruction to the jury—the granting of a new trial.

Argued May 2d—decided June 14th, 1928.

ACTIONS to recover damages for personal injuries, alleged to have been caused by the negligence of the defendants, brought to the Superior Court in New London County and tried to the jury before Jennings, J.;

\* Transferred from Second Judicial District.

verdicts and judgments for the plaintiffs, from which the defendant Sam Katz appealed. *Error and new trial ordered as to Katz.*

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (defendant Sam Katz).

*Reuben Taylor,* with whom, on the brief, were *Ralph G. Woolfson* and *Samuel M. Gruskin,* for the appellees (plaintiffs).

HINMAN, J. Defendant Katz conducted a repair garage in New London and occasionally sold second-hand automobiles. He permitted defendant Fenton, as a prospective purchaser, to take and try an automobile which he had for sale. Fenton returned it reporting that some repairs were needed. Subsequently Fenton, having learned that the repairs had been made, requested of Katz's foreman, one Wiesch, permission to take the car for the purpose of trying it again to see if it was satisfactory. Wiesch, in the absence of Katz, allowed Fenton to take the car for that purpose, and while Fenton was driving it a collision occurred with an automobile in which the plaintiffs were riding, injuring both. Katz claimed, on the trial, that Wiesch was not authorized by him to allow Fenton to take the car and that there was no relationship of principal and agent, master and servant, or otherwise, between him —Katz—and Fenton rendering the former liable for the latter's negligent operation of the automobile.

In the charge the trial court quoted an extensive excerpt from the opinion in *Wolf* v. *Sulik,* 93 Conn. 431, 435 *et seq.,* 106 Atl. 443, relating to the so-called "family-car doctrine," the general principle on which it rests being therein stated (p. 436) as "that every

man who prefers to manage his affairs through others, remains bound to so manage them that third persons are not injured by any breach of legal duty on the part of such others while they are engaged upon his business and within the scope of their authority."

Although recognizing and expressly stating that the family-car doctrine was not involved in the present case, the court then instructed the jury that while, if Fenton simply borrowed the car for his own purposes Katz could not be held liable for his negligence, "if his specific purpose in taking the car was to try it and see whether it would answer his purpose, even though he may have used it incidentally on some errand or work of his own, then the car would be being used on Katz's business, which was, in part, selling secondhand cars. . . . Where, as is claimed in this case, if you so find the facts, the car is sent out to be demonstrated by this owner who is a dealer in cars, and whose business it is to sell cars, even though his chauffeur is not actually operating the car, and even though the chauffeur is not actually in the car, if he has given it out for that purpose it comes within the rules which I have described to you as the fundamental principles underlying this whole situation, and the owner, under those circumstances, would be liable for the negligence of the person who had taken the car."

In *O'Keefe* v. *Fitzgerald*, 106 Conn. 294, 137 Atl. 858, we have recently restated and discussed such extensions of the common-law rule of *respondeat superior*, as applied to the use of automobiles, as have been adopted in this State. We there made clear that the "family-car doctrine" is subject to the limitation that, in addition to the other specified requisites, the driver of the car must be shown to have had general authority from the owner to so drive it, as distinguished from special permission for a specific occasion; we also

Marshall *v.* Fenton.

noted the significance of the extension of owner's liability created by the passage of §4 of Chapter 216 of the Public Acts of 1905, and of its repeal in 1921, Chapter 334. In 1925 an Act was passed—§21 of Chapter 195 of the Public Acts—providing that "any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased." This cannot be regarded otherwise than as an expression of legislative judgment as to the extent—beyond the limitations of the general principles of *respondeat superior* and the "family-car doctrine"—to which the owner of a motor vehicle which he entrusts to another should be held liable for the acts of the latter. In cases in other States in which the owner of an automobile has been held liable for the negligence of a prospective purchaser in driving the car, the driver was, at the time, accompanied by and acting under the supervision and control of an agent or employee of the owner. *Doyon* v. *Massoline Motor Car Co.*, 98 N. J. L. 540, 544, 120 Atl. 204; *Geiss* v. *Twin City Taxicab Co.*, 120 Minn. 368, 139 N. W. 611, 45 L. R. A. (N. S.) 382; *Keck* v *Jones*, 97 Kan. 470, 475, 155 Pac. 950; *Opecello* v. *Meads*, 152 Md. 29, 135 Atl. 488, 50 A. L. R. 1385; *Holmboe* v. *Morgan*, 69 Ore. 395, 400, 138 Pac. 1084; *Wooding* v. *Thom*, 148 N. Y. App. Div. 21, 132 N. Y. Supp. 50, affirmed, 209 N. Y. 583, 103 N. E. 1135; *Kelly* v. *Thibodeau*, 120 Me. 402, 115 Atl. 261; Berry on Automobiles (5th Ed.) §1289; Huddy on Automobiles (8th Ed.) §§770, 771; 42 Corpus Juris, p. 1097. "The master is not liable where the servant delegates a particular duty in its entirety to a stranger, and is not present and does not co-operate in the performance of a duty by the latter." Annotator's note to *Geiss* v. *Twin City Taxicab Co.*, 45 L. R. A. (N. S.) 383.

In *Keck* v. *Jones, supra,* in which an employee of Jones, a dealer, went out with Haverstock, the purchaser of a car, at the latter's request, to observe its operation and make adjustments, it was held that "although the enterprise was in a sense joint for certain purposes, management of the car was not one of them; and in the absence of right on the part of Jones to control the movements of the car, or actual interference with Haverstock's control, Haverstock's negligence in operating the car could not be charged to Jones." See also *Brown* v. *Wright,* 100 Conn. 193, 199, 123 Atl. 7. No question of lack of due care in entrusting the car to Fenton is suggested by the record; the defendant claimed to have proved that Fenton was known to Wiesch as a licensed and competent operator, and this does not appear to have been controverted.

The rule stated in the charge would extend the scope of liability of the defendant Katz, and of others similarly situated, considerably beyond the limitations indicated by the decided cases, since it dispenses with the element of presence and control by the owner or his representative, also beyond the scope of our statute of 1925 or even of the repealed Act of 1905—an innovation which we feel neither inclined nor at liberty to adopt. The charge on this phase of the case was erroneous and manifestly prejudicial to the appellant.

In attempted support of allegations in their complaints that the car was being used by Fenton with the knowledge, permission and consent of Katz and as his agent, the plaintiffs called Katz as their witness and, after he had declined to admit that his foreman, Wiesch, had authority to permit Fenton to take the car out for the purpose of trying it or that he had ratified Wiesch's action in so doing, he was asked to, and did, identify as having been signed by him a statement, dated two months after the collision, to the effect that

his foreman gave Fenton the use of the car with his permission and that he ratified the acts of the foreman in so doing. This statement was subsequently admitted in evidence, over objection that it tended to contradict the testimony of Katz as plaintiffs' own witness, and its admission is made a ground of appeal. The issue of authority or ratification was material, as the case was pleaded and tried; it is a fair inference from the record that, to establish it, plaintiffs were practically compelled to call Katz as a witness and that they fairly might have expected his testimony to accord with the formal statement which had been obtained from him by their counsel. Upon his failure to give such testimony the reception of the statement was within the sound discretion of the court. *Carpenter's Appeal,* 74 Conn. 431, 435, 51 Atl. 126; *Adams* v. *Herald Publishing Co.,* 82 Conn. 448, 74 Atl. 755; *Todd* v. *Bradley,* 99 Conn. 307, 324, 122 Atl. 68.

Assuming that the plaintiffs had proved all that the record discloses that they claimed, their case lacked elements which, as above stated, we hold to be essential to a right of recovery, and it appears that the motion of defendant Katz for a directed verdict in his favor ought to have been granted. However, even if all the evidence were before us and we could and did hold that the refusal to direct such a verdict was erroneous, the remedy would not differ from that—a new trial—which results from the error in the charge. *Fay* v. *Hartford & Springfield Street Ry. Co.,* 81 Conn. 578, 71 Atl. 734.

There is error and a new trial is ordered as to the defendant Katz.

In this opinion the other judges concurred.