## MARY K. HOLTON v. EAGLE INDEMNITY COMPANY.

(Filed 12 December, 1928.)

**1. Insurance—Construction of Contract—Conditions and Provisions— Persons Insured.**

An "Omnibus clause" in a policy indemnifying the owner and others driving his automobile with his consent against loss by damages is rendered inoperative as to such others by a provision expressly made a part of the policy, restricting the liability when such other person is not named in the policy as an insured.

**2. Same.**

Where a prospective buyer of an automobile pays a judgment recovered against her for negligent injury caused by her while driving an automobile owned by a dealer who has a policy of insurance thereon to indemnify him against loss, in her suit against the insurance company to recover the amount of the judgment under the policy issued to the dealer, the question of whether she was agent or bailee of the dealer does not arise, the dealer having suffered no loss and being solely protected by the policy.

CLARKSON, J., dissents.

APPEAL by defendant from *Harding, J.,* at September Term, 1928, of MECKLENBURG. Error.

Action upon policy of automobile insurance, by which defendant agreed to indemnify the owner of an automobile, as the insured named therein, against loss, arising from liability for damages, by reason of the ownership, maintenance or use of said automobile.

Plaintiff contends that by the terms of the "Omnibus clause," included in the body of said policy, defendant also agreed to indemnify

her, as the driver of said automobile, with the permission of its owner, against loss sustained by her, arising from her liability for damages, while driving said automobile.

Defendant denies any liability to plaintiff, under said policy; it contends that the provisions of the "Omnibus clause," included in the body of the policy, were expressly abrogated by an endorsement made on said policy, in accordance with a specific provision thereof; it alleges that by the terms of said endorsement, it is liable, under the policy, only to the insured named therein, to wit: C. P. Motors, Inc., the owner of the automobile, which plaintiff was driving, when her liability for damages accrued.

From judgment upon facts agreed, defendant appealed to the Supreme Court.

*Preston & Ross and T. A. Adams for plaintiff.*
*John M. Robinson for defendant.*

CONNOR, J. On 15 May, 1926, an automobile, owned by C. P. Motors, Inc., of Charlotte, N. C., and legally operated, with the permission of said owner, by plaintiff, as driver, collided with a truck. The collision occurred on a public highway in this State, while plaintiff was driving the automobile, as a prospective purchaser. At the time of the collision, she was not accompanied by any agent or employee of C. P. Motors, Inc. She was driving alone.

The collision resulted in injuries to the truck and to a person riding on it. The owner of the truck, and the person injured brought an action for damages, resulting from their respective injuries, against C. P. Motors, Inc., as owner, and against plaintiff herein, as driver of the automobile. Upon the trial of said action, at the close of the evidence for the plaintiffs therein, the motion of C. P. Motors, Inc., for judgment as of nonsuit, was allowed. The action was dismissed as to C. P. Motors, Inc. The trial proceeded as to plaintiff herein, and resulted in a verdict against her, upon the issues involving her liability for damages, and in a judgment for the plaintiffs therein against her for the damages assessed by the jury.

Prior to the commencement of this action, plaintiff paid and fully discharged said judgment; she has also paid the fee of her attorney, who defended said action, in her behalf. Plaintiff has, therefore, sustained a loss, arising out of her liability, for damages, by reason of the legal operation of said automobile by her, with the permission of its owner. She contends that by the terms of the policy of insurance upon which this action is brought, defendant is liable to her for the amount of her loss.

Defendant had issued said policy of insurance prior to 15 May, 1926; it was in full force and effect at said date.

By the terms of said policy, as set out in the "Omnibus clause," included in its body, defendant agreed to indemnify against loss, arising out of liability for damages, by reason of the ownership, maintenance or use of the automobile, owned by C. P. Motors, Inc., and driven by plaintiff, on 15 May, 1926, (1) "The named insured"; (2) "any person or persons, while riding in or legally operating" said automobile; or (3) "any person, firm, or corporation legally responsible for the operation thereof, providing such riding, use or operation is with the permission of the named insured." The "named insured" in said policy is C. P. Motors, Inc.

It is further provided in the body of said policy "that the insurance hereby made is and shall be subject to the conditions hereinafter set forth, and to the memoranda, if any, endorsed hereon, in like manner as if the same were respectively repeated and incorporated herein, and compliance with such conditions, and memoranda, and each of them, shall be a condition precedent to the right of recovery hereunder."

Two endorsements were made on said policy, at the date of its issuance, both of which, with all their provisions, thereby became incorporated in said policy, as parts thereof. One of these endorsements contains a provision, in words as follows:

"It is further understood and agreed, notwithstanding anything to the contrary therein, that the policy covers the insured named in statement 1 of the schedule, exclusively, and insurance thereunder does not extend to any other person, firm or corporation, unless such person, firm or corporation is added to the policy by means of a valid endorsement." The name of the plaintiff does not appear by endorsement or otherwise upon the policy. From her right to recover in this action, plaintiff relies solely upon the "Omnibus clause" in the policy.

The manifest purpose and the legal effect of the provisions in the endorsement was to restrict the liability of defendant, under its policy of insurance, to C. P. Motors, Inc., as the insured named in statement 1 of the schedule, contained in the policy, and to that extent abrogate and nullify the provisions of the "Omnibus clause." It may be conceded that upon the facts agreed, under the terms of the "Omnibus clause," included in the body of the policy, defendant would have been liable to plaintiff in this action, as contended by her; it must be held, however, that these terms, in so far as they extended to or covered the plaintiff, upon the facts agreed, were abrogated and nullified, by the provision included in the endorsement, which by an express provision of the policy, is a part thereof. Defendant's liability, under the policy, is restricted to "the named insured," that is, to C. P. Motors, Inc., it does not ex-

tend to or cover others, to whom, but for the provision in the endorsement, under the terms of the "Omnibus clause," it would have been liable. See *Dickinson v. Maryland Casualty Co.,* 101 Conn., 369, 125 Atl., 866, 41 A. L. R., 500.

The contention of plaintiff that upon the facts agreed she was the agent of C. P. Motors, Inc., and became liable for damages while driving the automobile as such agent, cannot affect the decision of the question presented by this appeal. She has paid the damages, caused by her negligence. C. P. Motors, Inc., has sustained no loss for which defendant, under its policy, is liable, either to plaintiff or to C. P. Motors, Inc. Whether or not, upon the facts agreed, plaintiff was the agent of C. P. Motors, Inc., at the time she incurred liability for damages, is immaterial. We think, however, that upon the facts agreed, she was bailee, and not agent of the owner of the automobile. *Hanes v. Shapiro,* 168 N. C., 24, 84 S. E., 33.

The only assignment of error upon defendant's appeal to this Court, is based upon its exception to the judgment. This assignment is sustained. There is error in the judgment, which is set aside, to the end that judgment may be entered that plaintiff take nothing by her action and that defendant recover its costs.

Error.

CLARKSON, J., dissents.