## CHARLES R. HARTS v. RANEY CHEVROLET COMPANY AND WALTER BENTON.

(Filed 15 June, 1932.)

**Principal and Agent A b—Prospective purchaser driving car alone for demonstration is bailee and not agent of auto dealer.**

Where the evidence discloses that an automobile dealer allowed a prospective purchaser to drive a car to show it to his wife, and that there was no agent or employee of the dealer in the car with the prospective purchaser, and that the dealer exercised no control over the car or driver, and there is no evidence that the prospective purchaser was an incompetent or careless driver or that the car was defective in any particular or that the approval of the wife was an essential element of the sale or that the prospective purchaser was contemplating buying the car for her: *Held*, a judgment as of nonsuit in an action against the dealer brought by a third person injured by the alleged negligence of the prospective purchaser while so driving the car is correctly entered, the prospective purchaser being a bailee and not an agent of the owner under such circumstances.

CIVIL ACTION, before *Barnhill, J.,* at December Term, 1931, of NEW HANOVER.

Plaintiff alleged and offered evidence tending to show that on or about 28 March, 1931, he sustained serious personal injury as a result of the negligent operation of an automobile by the defendant, Walter Benton. Benton, on the evening of the injury and prior thereto, had been to the place of business of defendant, Raney Chevrolet Company, for the purpose of buying a car. The agent for the company said: "Walter Benton came there and said he wanted to buy a car in the price range between $200 and $250, and I showed him several cars we had in that price range, and this particular Chevrolet coupe. After I started it up he seemed to be very favorably impressed with it and said he was going to buy a car that day, but would not like to buy it without showing it to his wife. With my consent, I told him he could take it and show it to his wife. I told him he could take it out himself and show it to his wife in the meantime. Showing cars is called demonstration. . . . I don't know whether we had any authority, we did it. When Benton requested that he take the car out I agreed. He said he was negotiating to buy it as the purchaser. I have been letting cars out that way, for the purpose of selling them, off and on ever since I have been working there. All the other salesmen do the same thing. The Chevrolet Company has around fifteen salesmen and demonstration is part of the purpose of selling them." The defendant, Benton, took the car out about 4:30, and the injury to plaintiff occurred later in the

evening while the car was in the exclusive possession and control of Benton, and before the return thereof to the Raney Chevrolet Company.

At the conclusion of plaintiff's evidence judgment of nonsuit was entered as to the Chevrolet Company and the trial continued as to the defendant, Benton. There was a verdict and judgment in favor of plaintiff against Benton. From the judgment of nonsuit plaintiff appealed.

*John D. Bellamy & Sons for plaintiff.*
*Rountree, Hackler & Rountree for Chevrolet Company.*

BROGDEN, J. Is an automobile dealer liable in damages for the conduct of a prospective purchaser, who, while driving the car in order to show it to his wife, negligently injures a third person?

At the outset of the inquiry, it is to be observed that there is no evidence that Benton, the prospective purchaser, was an incompetent or careless driver, or that the automobile was defective in any particular; neither does it appear that he was contemplating the purchase of a car for his wife, nor that her approval was an essential element of the sale. Moreover it appears that no agent or employee of defendant, Chevrolet Company, was present in the car or exercising any direction or control thereof or of the driver. The question has not been directly presented to this Court, but there is intimation in *Holton v. Indemnity Co.,* 196 N. C., 348, 145 S. E., 679, that a prospective purchaser, while driving the car of an automobile dealer for demonstration purposes, is a bailee and not an agent of the owner. The intimation so given is abundantly supported by the decisions in other jurisdictions. For example, the Illinois Court in *Mosby v. Kimball,* 178 N. E., 66, said:

"Defendant in error, has called our attention to no case, and we have been able to find none, in which the owner of an automobile has been held liable for the negligence of a prospective purchaser of the automobile or his representative when driving the car to find out how it runs, when not accompanied by the owner or his employee. On the other hand, it has been held in a number of cases that there is no liability on the part of the owner of an automobile for the negligence of the prospective purchaser or his representative under such circumstances." The Texas Court of Civil Appeals considered the question in *Bertrand v. Mutual Motor Co.,* 38 S. E. (2d), 417. The Court said: "A prospective purchaser cannot be the agent of the seller to demonstrate a car himself." The opinion quotes with approval the following principle from the Restatement of the Law of Agency by the American Law Institute: "The relation of agency is the consensual relation existing between two persons by virtue of which, one of them is to act for and in behalf

of the other and subject to his control." The Iowa Court in *Goodrich v. Musgrave Fence & Auto Co.,* 135 N. W., 58, held that "a person in possession of an automobile under an agreement to purchase, not subject to the seller's directions as to the use of the car, is not the seller's agent, although there is an agreement that he is to have a commission on sales made by him."

Other cases directly in point are *Cruse-Crawford Mfg. Co. v. Rucker,* 123 Southern, 897; *Flaherty v. Helfont,* 122 Atl., 180; *Marshall v. Fenton,* 142 Atl., 403. See, also, *Magee v. Hargrove Motor Co.,* 296 Pacific, 774.

The application of these principles to the facts leads to the conclusion that the ruling of the trial judge was correct.

Affirmed.