judgment should be reversed. From the pleadings as they now appear of record, we think that all matters in controversy should be settled in this action and all the rights of the appealing stockholders heard and determined. Such amendments to the pleadings as are necessary to the complete determination of this action, should be allowed. As to the question of jurisdiction, see *Corporation Commission v. Bank,* 199 N. C., 586. The judgment below is

Reversed.

---

ESTELLA SILER, ADMINISTRATRIX OF ELMINA SILER, v. JEFFERSON MOTORS, INCORPORATED.

(Filed 29 June, 1932.)

CIVIL ACTION, before *Harwood, Special Judge,* at November Term, 1931, of GUILFORD.

The defendant is engaged in the business of selling automobiles. On 1 March, 1930, a colored man named John Britton, came to the place of business of defendant and requested the use of a Hudson coupe belonging to defendant. Witness for plaintiff said: "He took it out to drive it just out on the road and back . . . to see how it would drive. He was going to see how it would drive to buy it. He had already made up his mind to buy it." . . .

In driving the car west on the Friendly road the said Britton negligently struck and killed plaintiff's intestate. All the evidence tended to show that the car was in good condition and there is no evidence to show that Britton was a careless or reckless driver. No agent of defendant was present in the car at the time of the injury.

At the conclusion of evidence for plaintiff judgment of nonsuit was entered, and the plaintiff appealed.

*Frazier & Frazier for plaintiff.*
*Sapp & Sapp for defendant.*

PER CURIAM. This case is governed and determined by the principles of law heretofore announced by this Court in *Holton v. Indemnity Co.,* 196 N. C., 348, 145 S. E., 679, and *Harts v. Chevrolet Co.,* 202 N. C., 807.

Affirmed.