THOMAS LANESE, JR., ADMINISTRATOR (ESTATE OF MICHAEL A. LANESE) *v.* ALAN CARLSON ET AL.

SUPERIOR COURT  FAIRFIELD COUNTY  FILE NO. 152407
AT BRIDGEPORT

Memorandum filed January 13, 1975

*Irwin E. Friedman,* for the plaintiff.

*Clancy, Kenney & Scofield,* for the defendant Roseann Serino et al.

*Maher & Maher,* for the defendant Alan Carlson et al.

*Francis A. Smith, Jr.,* for the defendant Ted Keating Pontiac and Cadillac, Inc.

SADEN, J. This personal injury action is in two counts. The first count, claiming $300,000 damages, alleges negligence on the part of the defendants Roseann and Joseph Serino, as owner and operator, respectively, of the car in which the plaintiff's decedent was riding, and, additionally, on the part of the defendant Alan Carlson, the operator of the car which struck the car in which the plaintiff's decedent was a passenger. The Ted Keating Pontiac and Cadillac, Inc., is named as a defendant as the owner and/or lessor of the car which struck the car in which the plaintiff's decedent was riding. The second count is addressed to all of the above defendants and includes allegations of gross negligence and reckless misconduct. That count prays for relief by way of "compensatory and/or punitive damages in the amount of $300,000.00."

The defendant lessor demurs to the prayer for relief to the second count for two reasons. First, it states that punitive damages are not recoverable for liability imposed by General Statutes § 14-154a. Second, it claims that the plaintiff has failed to allege any acts on the part of the lessor or any participation, control, or direction on its part which

would allow the imposition of punitive damages. The question raised by that demurrer has not been heretofore decided in Connecticut.

The lessor's demurrer to the requested relief essentially questions the right of the plaintiff to seek compensatory or exemplary damages against one who leases an automobile to a negligent operator. Naturally, before any liability can attach to the lessor, the lessee must be found to be negligent. For the purposes of that demurrer, though, this court must assume that the lessee may be found to be grossly or recklessly negligent. In that event, could the lessor be liable for so-called punitive damages under the provisions of § 14-154a?[1]

Recently, in *Fisher* v. *Hodge,* 162 Conn. 363, the Supreme Court had occasion to review General Statutes § 14-154, which for some unknown reason was repealed and replaced by § 14-154a containing identical language. The court stated (p. 369): "In considering this statute in the past, this court has stated: 'This cannot be regarded otherwise than as an expression of legislative judgment as to the extent—beyond the limitations of the general principles of *respondeat superior* and the "family-car doctrine"—to which the owner of a motor vehicle which he entrusts to another should be liable for the acts of the latter.' *Marshall* v. *Fenton,* 107 Conn. 728, 731 . . . . 'The purpose of the statute was not primarily to give the injured person a right of recovery against the tortious operator of the car, but to protect the safety of traffic upon highways by providing an incentive to him who rented

---

[1] "Sec. 14-154a. LIABILITY OF OWNER FOR DAMAGE CAUSED BY RENTED OR LEASED CAR. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

motor vehicles to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rented vehicles. . . . The rental of motor vehicles to any but competent and careful operators, or to persons of unknown responsibility, would be liable to result in injury to the public upon or near highways, and this imminent danger justified, as a reasonable exercise of the police power, this statute, which requires all who engage in this business to become responsible for any injury inflicted upon the public by the tortious operation of the rented motor vehicle. . . .' *Levy* v. *Daniels' U-Drive Auto Renting Co.,* 108 Conn. 333, 336 . . . ." It should be noted that the Supreme Court in *Fisher,* applying the statute in question literally, allowed recovery against the lessor of an automobile for the negligence of the brother of the lessee, even though the rental contract prohibited use by anyone other than members of the lessee's "immediate family."

Arguing in support of its demurrer, the lessor claims that punitive or exemplary damages, under our law, cannot be awarded for the wrongdoing of a third person. On the basis of the early holding in *Maisenbacker* v. *Society Concordia,* 71 Conn. 369, the lessor claims that while it may be liable in compensatory damages, it should not be punished by exemplary or punitive damages for the acts of the defendant operator of the car over which it had no control.

The court does not agree with those contentions. First, *Maisenbacker* was concerned with the doctrine of respondeat superior and its limitations in the area of intentional torts. As noted above, General Statutes § 14-154a expresses a legislative judgment as to the extent, beyond the limitations of respondeat superior or the family or agency car

doctrines, to which the owner of a motor vehicle entrusted to another should be liable for its operation. Later cases make clear the proposition that *Maisenbacker* does not necessarily control factual situations such as that here alleged. The statute here involved expresses a broader purpose than the lessor is willing to concede, and, if the lessor were correct, that purpose would be frustrated at least in part where a situation arose warranting exemplary damages. Moreover, reluctance to allow exemplary damages in situations of vicarious liability is now shown only by a minority of courts. See Prosser, Torts (4th Ed.) § 2, p. 12.

Moreover, in this state, the purpose of exemplary damages and the rules for their determination indicate that they are essentially compensatory, not punitive, in fact and effect. *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 488; *Doroszka* v. *Lavine,* 111 Conn. 575, 578.

The rationale of § 14-154a and its identically worded predecessor, § 14-154, is succinctly set forth in *Marshall* v. *Fenton,* 107 Conn. 728, 731, and, read in the light of that purpose, the statute means exactly what it says, viz., that the lessor will be liable for exemplary damages if its lessee is. Unlike the statute at issue in *Tedesco* v. *Maryland Casualty Co.,* 127 Conn. 533, and General Statutes § 14-295, providing for double or treble damages for wilful violation of traffic regulations, the statute with which this court is concerned does not operate to impose a penalty. Whether the plaintiff can offer sufficient evidence to justify punitive damages is not at issue here. *Yavis* v. *Sullivan,* 137 Conn. 253, 261. The allegations of the second count are sufficient to survive a demurrer. *Collens* v. *New Canaan Water Co.,* supra, 488. Of course, evidence of a reckless indifference to the rights of others or an

intentional and wanton violation of those rights must be shown before punitive damages are permissible. Id., 489; *Doroszka* v. *Lavine*, supra. Nothing more than the expenses of litigation in the action, less taxable costs, can be collected. *Triangle Sheet Metal Works, Inc.* v. *Silver,* 154 Conn. 116, 127.

The demurrer of the defendant Ted Keating Pontiac and Cadillac, Inc., is overruled.