JOHN F. SULLIVAN, PPA, ET AL. *v.*
MARSHALL HOPKINS, JR.

SUPERIOR COURT        JUDICIAL DISTRICT OF        FILE No. 235909
          HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 8, 1984

*David J. Wenc,* for the plaintiffs.
*Joseph Fasano,* for the defendant.

M. HENNESSEY, J. This action arises from the assault and battery of John F. Sullivan allegedly committed by the defendant Marshall Hopkins, Jr. Punitive as well as compensatory damages are sought.

The plaintiff seeks an order for compliance, pursuant to Practice Book § 231, for the defendant's failure to respond to interrogatories seeking information concerning the defendant's personal financial status. At issue is whether information regarding the defendant's financial status is a proper subject of discovery requests.

The rules of practice allow a party to discover information which is material to the subject matter involved in the pending case. Practice Book § 218. The Connecticut discovery procedures closely track analogous federal procedures. Compare Practice Book §§ 217 et seq.

with the Federal Rules of Civil Procedure, rule 26, et seq. Case law analyzing the federal rules will be utilized in construing the Connecticut procedures.

Generally, the federal rules do not allow the discovery of a party's financial status, or his ability to satisfy a judgment unless such facts are relevant to the subject matter of the action. See Fed. R. Civ. P. 26; *Ranney-Brown Distributors, Inc.* v. *E. T. Barwick Industries, Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977); *Karwoski* v. *Rappa*, 25 Conn. Sup. 147, 148, 198 A.2d 226 (1964). Where punitive damages are sought, a party's financial status becomes a relevant consideration and may be discovered since the penal nature of the damages requested requires the jury to levy a fine sufficient to punish the defendant for his actions. *Hoffman* v. *Sterling Drug, Inc.*, 374 F. Sup. 850, 857 (M.D. Pa. 1974); see *Renshaw* v. *Ravert,* 82 F.R.D. 361, 362 (E.D. Pa. 1979). Where, however, the nature of the damages requested is compensatory rather than penal, the party's financial status is not relevant since the aim of compensatory damages is to compensate the plaintiff for his loss. See generally *Ranney-Brown Distributors, Inc.* v. *E. T. Barwick Industries, Inc.*, supra, 5; *Youngset, Inc.* v. *Five City Plaza, Inc.*, 156 Conn. 22, 27, 237 A.2d 366 (1968).

The assessment of punitive or exemplary damages is permitted in Connecticut, although these damages are limited to the amount of the plaintiff's actual litigation expenses less taxable costs. *Triangle Sheet Metal Works, Inc.* v. *Silver,* 154 Conn. 116, 127, 222 A.2d 220 (1966); *Lanese* v. *Carlson,* 32 Conn. Sup. 163, 169, 344 A.2d 361 (1975).

In Connecticut the rules governing the determination of exemplary damages are not designed to punish the defendant for his offense but rather to compensate the plaintiff for his injuries. *Miller* v. *Drouin,* 183 Conn.

189, 190, 438 A.2d 863 (1981); *Lanese* v. *Carlson,* supra, 169. The court holds that in Connecticut, where the true nature of exemplary damages is compensatory and not penal, facts relating to a party's financial status are not relevant to the subject matter of the action, and are, therefore, not a proper subject of discovery requests.

The plaintiff's motion for an order for compliance is denied.