[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
CT Page 11316
The defendant, Snappy Car Rental, Inc. ("Snappy"), has moved for summary judgment on the Second Count of the Complaint on the grounds the person driving the vehicle which injured the plaintiff was not the authorized driver and, therefore, under Connecticut General Statutes § 14-154a, Snappy has no liability as a matter of law.
FACTS AND PROCEDURAL HISTORY
The Complaint alleges that the plaintiff, Veronica Boian, was a passenger in an automobile leased to her by the owner, Snappy, which was being operated by the defendant, Viorica Sandu, when the vehicle suddenly collided with the rear of the vehicle in front of her. In the First Count of the Complaint the plaintiff contends that her injuries were caused by the negligence of the defendant Sandu. The Second Count claims that Snappy is liable for the plaintiffs damages as the owner of a rented or leased vehicle pursuant to Connecticut General Statutes § 14-154a.
Snappy filed a Motion for Summary Judgment dated July 1, 1994. On October 28, 1994 this court, Hale, J., sustained the objections to that Motion. On November 10, 1994 Snappy moved for articulation or reconsideration based on the case of Pedevillanov. Bryon, 231 Conn. 265, 648 A.2d 873 (1994), which had been decided after the Motion for Summary Judgment was filed. The court, Hale, J., reconsidered its previous decision and granted the Motion for Summary Judgment, presumably based onPedevillano, on December 1, 1994. On December 5, 1994 the defendant Sandu filed a Motion to Reargue. The Motion was reargued before this court, Hale, J., and was denied by Memorandum of Decision dated March 20, 1995 on the grounds that the rule articulated in Pedevillano contained an exception where the unauthorized driver was driving as a result of an emergency situation.
Snappy has again moved for Summary Judgment in light of the recent decision in Blackwell v. Bryant, 45 Conn. App. 26,692 A.2d 862 (1997), where the Appellate Court considered whether the exhaustion of the authorized driver was an emergency sufficient to make the rental company liable for the conduct of an unauthorized driver. CT Page 11317
In support of the present Motion, Snappy has presented a transcript of the deposition of George Boian, the plaintiff's husband, in which Mr. Boian testified that he rented a car from Snappy when his vehicle broke down. pp. 5-6. Since he had previously leased a vehicle from Snappy, Mr. Boian was familiar with the terms of the Car Rental Agreement dated July 6, 1992, including the terms which provided who is an "authorized renter." pp. 11-12. After he had leased the vehicle, the defendant Sandu asked Mr. Boian to drive her daughter to Kennedy Airport. Mr. Boian and the plaintiff picked up Sandu and her daughter and drove the daughter tot he airport. p. 9. On the return trip, Mr. Boian drove the car until it started raining and he became tired. He wanted to stop to rest, but instead, allowed Sandu to drive the car. The accident took place approximately thirty minutes after Sandu began to drive. pp. 9-10.
The Car Rental Agreement between the Boians and Snappy provided:
 2. AUTHORIZED RENTERS. The Car may be driven only by an "Authorized Renter" or Authorized Renter's Spouse. Except as otherwise provided by law, an Authorized Renter is ONLY a person who has signed this Agreement as an Authorized Renter at the time of rental. An Authorized Renter must be at least 21 years of age, have a valid driver's license, and be insured under a personal automobile liability insurance policy and meet other qualifications imposed from time.
The plaintiff was authorized to sign the Car Rental Agreement on behalf of her husband.
DISCUSSION OF LAW AND RULING
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. CarriageLane Associates. 219 Conn. 772, 780-81, 595 A.2d 334 (1991);Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952
(1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
CT Page 11318 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978). Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts.Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982);New Milford Savings Bank v. Roina, 38 Conn. App. 240, 243-44,659 A.2d 1226 (1995); Conway v. Wilton, 39 Conn. App. 280, 283,284 A.2d (1995).
Section 14-154a of the Connecticut General Statutes provides, in toto, that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." InPedevillano v. Bryon, 231 Conn. 265, 648 A.2d 873 (1994), the Connecticut Supreme Court held that § 14-154a does not impose liability on a lessor for injury to a third party from the alleged negligent acts of an unauthorized driver of the leased vehicle. The Court in Pedevillano stated:
 We have repeatedly stated our view of the purpose of the statute. "[It] cannot be regarded otherwise than as an expression of legislative judgment as to the extent — beyond the limitations of the general principles of respondeat superior and the `family-car doctrine' — to which the owner of a motor vehicle which he entrusts to another should be liable for the acts of the latter. . . . We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." (Citations omitted; emphasis added; internal quotation marks omitted.) Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280, 284, 472 A.2d 306
CT Page 11319 (1984); Fisher v. Hodge, 162 Conn. 363, 369, 294 A.2d 577 (1972); Graham v. Wilkins, 145 Conn. 34, 37, 138 A.2d 705 (1958); Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539, 542, 107 A.2d 406 (1954); Connelly v. Deconinck, 113 Conn. 237, 240, 155 A. 231 (1931); Levy v. Daniels' U-Drive Auto Renting Co., 108 Conn. 333, 336, 143 A. 163 (1928); Marshall v. Fenton, 107 Conn. 728, 731, 142 A. 403 (1928).
231 Conn. at 268, 269.
This court denied the previous Motion for Summary judgment based on an exception to the general rule in Pedevillano. Under the exception, some courts had allowed actions against a lessor pursuant to § 14-154a where an unauthorized driver operates a vehicle with permission of the authorized driver in an emergency situation.
Recently, the Appellate Court addressed the issue of what constitutes an emergency situation in Blackwell v. Bryant,45 Conn. App. 26, 692 A.2d 862 (1997). In Blackwell the plaintiffs argued that an emergency situation existed because the authorized driver was too tired to operate the rental car safely and, therefore, the defendant was compelled to drive the vehicle. In affirming the summary judgment in favor of the car rental company, the Appellate Court stated, "plaintiffs claimed exhaustion was insufficient to give rise to such an emergency exception as a matter of law." Emphasis added.45 Conn. App. at 31. The Court went on to state that "[s]uch a situation does not create an issue of material fact as to whether there was an emergency warranting an unauthorized driver to operate the vehicle." Id. 31-32.
In the present case the only evidence presented is that Mr. Boian was not ill, but was too tired to drive and, therefore, allowed Sandu to drive the car. She was not an authorized driver. There was no emergency situation as a matter of law and, therefore under Pedevillano Snappy is not liable for the claimed negligence of Sandu.
The plaintiff and the defendant Sandu have argued that the plaintiff's inability to read English as well and her lack of a driver's license somehow create a material issue of fact here. The court does not agree. CT Page 11320
The plaintiff signed the Car Rental Agreement on behalf of her husband, who testified that he was familiar with the agreement and had understood it. Moreover,
 "`The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is [that person's] duty to read it and notice of its contents will be imputed to [that person] if he negligently fails to do so; but this rule is subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or to put a [person] of reasonable business prudence off. . . guard in the matter.' Ursini v. Goldman, 118 Conn. 554, 562, 173 A. 789
(1934); see also King v. Industrial Bank of Washington, 474 A.2d 151, 155 (D.C.App. 1984)." First Charter National Bank v. Ross, 29 Conn. App. 667, 671, 617 A.2d 909 (1992).
The plaintiff was presumed to understand the contents of the Car Rental Agreement because she signed it. There has been no evidence presented that any "fraud or artifice" intervened to overcome that presumption. Snappy rented Mr. and Mrs. Boian a car at Mr. Boian's request, it did not coerce the plaintiff into signing a contract for overpriced aluminum siding.
The plaintiff testified at her deposition that she had never driven the vehicle. Therefore, her lack of a driver's license is not material to any issue in the case.
For the foregoing reasons summary judgment may enter on the Second Count of the Complaint.
By the court
Aurigemma, J.