FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* KOHN BROTHERS TOBACCO COMPANY, INC.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 8—decided August 3, 1954

*Snow G. Munford,* for the appellant (defendant).

*Joseph V. Fay, Jr.,* with whom was *Robert E. Mansfield,* for the appellee (plaintiff).

WYNNE, J. The plaintiff is an insurance company. It issued a policy of automobile liability insurance to Sam Silverherz covering a motor truck. The truck was leased by him to the defendant corporation, hereinafter called the company, and was in use in connection with tobacco farming. An employee of the company, Dorothy Lee, was injured while riding on the truck. She brought a suit against Silverherz, which the plaintiff defended, and recovered judgment. The present action is against the company to recover the amount paid by the plaintiff,

as Silverherz' insurer, in defending the suit and satisfying the judgment. Further facts, as established by a stipulation entered into between the parties and incorporated in the finding, may be summarized as follows: Pursuant to a lease between Silverherz and the company, the latter on August 2, 1947, was "operating" the motor truck belonging to Silverherz. Dorothy Lee was injured by reason of the fact that the company "did . . . negligently operate" the truck. At the time of her injury she was engaged in the course and scope of her employment and, as to her employer, she was subject to the Workmen's Compensation Act. The company was notified by the plaintiff to defend the suit brought by Dorothy Lee against Silverherz and to hold the plaintiff harmless on account thereof. The company failed to defend.

Upon the foregoing facts the trial court concluded that the plaintiff was entitled to recover from the company, and rendered judgment accordingly. It is from this judgment that the defendant has appealed. The assignments of error concern the above conclusion.

While it is not specifically stated in the stipulated facts incorporated in the finding that it was an employee of the company who was operating the truck at the time the injury to Dorothy Lee occurred, this fact may be taken for granted. It is specifically found that Dorothy Lee's injuries were sustained as a result of the negligent operation of the truck by the company. The company is a corporation and therefore could act only by its agent. Furthermore, the Superior Court file in the action by Dorothy Lee against Silverherz, referred to in the stipulation, shows that at the time of the accident the truck was being operated by the servant and agent of the com-

pany. *Lee* v. *Silverherz,* Superior Court, Tolland County, No. 5361. In that action Dorothy Lee alleged that the accident which befell her was due to the driver's negligence. Since we may take judicial notice of the files of the Superior Court (*McCleave* v. *John J. Flanagan Co.,* 115 Conn. 36, 39, 160 A. 305), we can and do take judicial notice of the facts disclosed by the file in *Lee* v. *Silverherz,* supra, to supplement and explain the finding of the trial court. Maltbie, Conn. App. Proc., § 158; see *Woodward's Appeal,* 81 Conn. 152, 164, 70 A. 453; *Arthur* v. *Norfield Congregational Church,* 73 Conn. 718, 731, 49 A. 241.

In this action the plaintiff stands in Silverherz' shoes as Silverherz' subrogee. Silverherz' liability to Dorothy Lee arose by operation of the statute. General Statutes § 2479. That statute reads as follows: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." In short, the statute imposes the same liability upon Silverherz as the law imposes upon the operator of the truck.

Section 2479 is contained in chapter 110 of the General Statutes, which defines "operator" as meaning "any person who operates a motor vehicle or who steers or directs the course of a motor vehicle which is being towed." General Statutes § 2350 (28). In the light of this definition, the company could not be the operator. An operator must be an individual. As originally enacted, the statute on the liability of an owner for damage caused by a leased vehicle ended with the word "leased." Public Acts

1925, c. 195, § 21. The words "to the same extent as the operator would have been liable if he had also been the owner" were added in 1929. Public Acts 1929, c. 256, § 1; Rev. 1930, § 1627; see *Marshall* v. *Fenton,* 107 Conn. 728, 731, 142 A. 403. Dorothy Lee could have recovered from the driver for his negligent operation of the truck. *Wells* v. *Lavitt,* 115 Conn. 117, 122, 160 A. 617. Therefore Silverherz' liability did not arise because of any liability of the company. It arose because of the liability of the operator of the truck.

Dorothy Lee could have looked to the company under the Workmen's Compensation Act or sued the driver in tort. She chose instead to sue Silverherz under the statute. Since Silverherz' liability under the statute is predicated upon the liability of the operator of the truck, the Workmen's Compensation Act is not involved. Silverherz could not have set it up as a defense in the action brought by Dorothy Lee against him because neither he nor the operator of the truck was her employer. General Statutes § 7419. Nor could he have required that the company be cited in as a party defendant in the action against him, because the statute under which the action was brought created a liability in Silverherz separate and distinct from the liability of the company.

Having noted the theory of the liability of Silverherz under the statute, we next consider whether the company owed him any duty by virtue of its legal relationship to him. As previously stated, Silverherz leased the truck to the company. It entrusted it to its driver. The negligence of that driver by virtue of the statute imposed liability upon Silverherz. The driver was the agent of the company and engaged upon its business, and so the company

is liable to Silverherz for its driver's acts. Its liability to Silverherz is predicated upon the leasing of the truck. It is not based upon any duty that the company owed to Dorothy Lee but upon an entirely independent and separate duty owed to Silverherz. *Westchester Lighting Co.* v. *Westchester County Small Estates Corporation,* 278 N.Y. 175, 180, 15 N.E.2d 567; *Burris* v. *American Chicle Co.,* 120 F.2d 218, 222; *American District Telegraph Co.* v. *Kittleson,* 179 F.2d 946, 953; *Crawford* v. *Pope & Talbot, Inc.,* 206 F.2d 784, 792. The situation does not differ from one wherein an owner of a car is held liable in damages merely because of his ownership. In such a case he can recover from the driver whose negligence caused the injury. *Chernoff* v. *Wholesome Bakery Products, Inc.,* 17 N.Y.S.2d 570.

There is no error.

In this opinion INGLIS, C. J., BALDWIN and O'SULLIVAN, Js., concurred.

DALY, J. (dissenting). The majority base their reasoning and decision upon the theory that the truck was being operated by the servant and agent of the defendant. This has been gleaned, not from the finding of the trial court in this case, but by taking judicial notice of the contents of the file of the case in which Dorothy Lee was the plaintiff and Silverherz, the plaintiff's assured, was the defendant.

The trial court did not find that a person who was the agent and servant of the defendant was operating the truck and that his negligent operation of it caused the injuries to Dorothy Lee. It found that the defendant "was operating" it "and did so negligently operate it as to cause injury to one Dorothy M. Lee." The court did not conclude that the liability of the plaintiff's assured to Dorothy Lee resulted from the

negligence of the defendant's agent and servant. It concluded that the liability "resulted from the negligence of the defendant." To take judicial notice is a function of the court in the exercise of appellate as well as original jurisdiction. *McCleave* v. *John J. Flanagan Co.*, 115 Conn. 36, 38, 160 A. 305. Material facts, however, cannot be added now to those found by the trial court in its finding. "In every trial which may result in an appeal to this court, it is the duty of each party, so far as he is able, to see that whatever is material to support his contentions is proved and found. If he content himself with bringing forward only so much as he may deem sufficient to meet those of his adversary, he must be prepared, should an appeal be taken on either side, to have it decided with reference to no other facts than those apparent on the record." *Coughlin* v. *McElroy*, 72 Conn. 444, 447, 44 A. 743; *Lamenza* v. *Shelton*, 96 Conn. 403, 413, 114 A. 96. "Where the subordinate facts are . . . partially omitted from the finding, we have no recourse save to determine this issue upon the facts as found." *Hayward* v. *Plant*, 98 Conn. 374, 381, 119 A. 341. "As we said in *Hayward* v. *Plant*, [supra, 383]: 'The conclusion [of the court] must be tested by the facts as found.' That is, by the subordinate facts as found by the trial court and corrected by us, if corrections are made." *Dexter Yarn Co.* v. *American Fabrics Co.*, 102 Conn. 529, 540, 129 A. 527. "A finding unattacked is presumed to contain all relevant facts, and if the finding fails to state all the material facts, the Supreme Court must nevertheless decide the case upon the basis of those which do appear." Maltbie, Conn. App. Proc., § 73. In the instant case the facts were stipulated by the parties, and the court found them as stipulated. No corrections of the finding have been requested

and none have been made. The confusion and difficulties which will result in future appeals as a result of the addition of material facts in this case are apparent.

As the trial court did not find that the operator of the truck was the agent and servant of the defendant and that his negligent operation of it caused the injuries, I cannot and do not agree that the defendant is liable.