State of Connecticut *v.* Robert Ouellette

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 238

Argued March 15—decided April 1, 1977

*Frederick W. Odell,* for the appellant (defendant).

*Herbert E. Carlson, Jr.,* prosecuting attorney, for the appellee (state).

PARSKEY, J. The defendant does not dispute the trial court's finding that he was operating a motor vehicle on a public highway while his operator's license was lawfully under suspension. He asserts, however, that his conduct should be excused because (1) he was confronted with an emergency and (2) he acted out of necessity. The only finding with respect to those assertions is the fact that the defendant operated the car for the purpose of having a prescription filled for his wife who was suffering from severe pains. If it is assumed that the defendant was faced with an emergency, that circumstance, in itself, would not justify a violation of the statute. Our rule is that violation of an automobile traffic regulation will be excused only where the violation occurs by reason of circumstances

beyond the driver's control and to which he did not by voluntary wrongful act contribute. *Grantham* v. *Bulik*, 137 Conn. 640, 642; *Martin* v. *Holway*, 126 Conn. 700, 703; *Giancarlo* v. *Karabanowski*, 124 Conn. 223, 226.

The claim that the defendant's operation of the car under the circumstances arose out of necessity is not supported by the finding. "Stark necessity is an impressive and often compelling thing, but unfortunately it has all too often been claimed loosely and without warrant in the law, as elsewhere, to justify that which in truth is unjustifiable." *Green* v. *United States*, 356 U.S. 165, 213 (Black, J., dissenting opinion). Before we are called upon to address ourselves to the question of necessity as a justification for violating a motor vehicle statute, the issue should be sharply focused, unlike the situation in this case.

There is no error.

In this opinion A. ARMENTANO and D. SHEA, Js., concurred.