[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE CROSS-COMPLAINT
The plaintiffs in these companion cases, Craig Watson and Michael Downer (the plaintiffs) and their parents, are suing the defendants, Sharon Boykin and the Northeastern Conference Corporation of Seventh Day Adventists (Northeastern) for injuries sustained when the plaintiffs were attacked by a dog allegedly owned by defendant Boykin. The complaints each set forth claims on behalf of the minor plaintiffs and their parents under General Statutes 22-357
(the dog bite statute) against defendant Boykin, the alleged owner of the dog. The complaints also set forth claims against defendant Northeastern, alleging that defendant Northeastern was negligent in several respects, including failure to provide a safe premises, failure to properly supervise the minor plaintiffs, and failure to stop the alleged attack once it began. Defendant Northeastern has filed cross-claims against defendant Boykin, wherein Northeastern claims in two counts, 1) apportionment of liability under General Statutes 52-572h(c), and 2) common law indemnification.
Defendant Boykin has filed a motion to strike the first count of the cross-claim on the ground that the first count does not create a cause of action, and the second count on the ground that the count does not allege an independent legal relationship between the parties. Defendant Northeastern has opposed the motion, and both parties have filed memoranda of law. CT Page 8053
The motion to strike tests the legal sufficiency of a pleading. Practice Book 152; Mingachos v. CBS, Inc.,196 Conn. 91, 491 A.2d 368 (1985).
The first count of defendant Northeastern's cross-claim against defendant Boykin sets forth a claim for apportionment of damages under General Statutes 52-572h(c). This statute states, in pertinent part, that
 In a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages . . . .
General Statutes 52-572h(c). (Emphasis added.) Defendant Boykin moves to strike the count on the ground that the General Statutes 52-572h(c) does not create a right of action in favor of defendant Northeastern against defendant Boykin.
Practice Book 116 permits filing of a cross-claim by a defendant against any co-defendant arising out of the transaction described in the complaint. Our Supreme Court has defined a counterclaim under Practice Book 116 as "a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action." Wallingford v. Glen Valley Associates, Inc.,190 Conn. 158, 160 (1983); Miller v. Dickinson,3 Conn. L.Rptr. 308, 309 (March 7, 1991, Schimelman, J.). The first count of the cross-claim does not set forth a cause of action upon which defendant Northeastern might have secured affirmative relief had it sued defendant Boykin in a separate action, and the count "fails to seek affirmative relief as required by Practice Book 116." Miller v. Dickinson, supra. Such claim is under the statute and not at common law. See Verilli v. Damilowski, 140 Conn. 358, 360. Therefore, the first count of the defendant's counterclaim is legally insufficient.
The second count alleges common law indemnification. "Ordinarily, there is no right of indemnification between tortfeasors." Atkinson v. Berloni, 23 Conn. App. 325, 326,580 A.2d 432 (1989); Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539, 544, 107 A.2d 406
(1954). CT Page 8054
 In order to establish that a party was primarily negligent and, thus, liable to indemnify a secondarily negligent tortfeasor, the following essential elements must be proved: `(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it, and could reasonably have relied on the party to act without negligence.'
Atkinson v. Berloni, supra, 326-27, quoting Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 5733, 452 A.2d 117 (1982). The Atkinson case added a fifth, additional element: "[I]n order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based upon an independent legal relationship. " Atkinson v. Berloni, supra, 328. (Emphasis added.)
Northeastern has cited several statutes setting forth duties on the part of the defendant, e.g., the dog roaming statute, Conn. Gen. Stats. 22-364. Under the rationale of Atkinson, these are general, not special duties. P. 330.
Construing the allegations of the challenged pleading in the light most favorable to sustaining the legal sufficiency of the complaint, the allegations of the second count of the cross-claim do not set forth facts upon which an independent legal relationship could be premised. Therefore, the second count of the cross-claim is legally insufficient, and the motion to strike the second count is granted.
Based on the foregoing, the motion to strike both counts of defendant Northeastern Conference's cross-claim is granted.
BURNS, J.