[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON INTERVENING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM
This is an action seeking damages for personal injuries and loss of consortium brought by plaintiff Robert Domenico and Debie A. Domenico against defendant Paul M. Agranovitch, d/b/a Wyoming Wood Realty.
Plaintiff Robert Domenico is an employee of Cumberland Farms, Inc., located at 680 Main Street in Norwich, Connecticut. The defendant owns the land at such location. The plaintiffs allege that on October 22, 1990, plaintiff Robert Domenico was required to climb up on the roof of a storage shed at such location to gain access to the roof of the defendant's premises to service an air conditioning unit. The plaintiffs further allege that as a result of the defendant's negligence, plaintiff Robert Domenico fell through the storage shed roof and sustained numerous injuries.
Cumberland Farms, Inc. (the "intervening plaintiff") has filed a revised intervening complaint claiming that any damages recovered by the plaintiffs in this action be apportioned so as to reimburse the intervening plaintiff for CT Page 2417 any amount it has paid, or may become obligated to pay, under the terms of the Workers' Compensation Act. The intervening plaintiff also claims a credit toward any proceeds which the plaintiff Robert Domenico may realize for any future benefits under the terms of the Workers' Compensation Act.
The defendant has filed an answer, special defenses and counterclaim in response to the intervening plaintiff's complaint. In his counterclaim, the defendant alleges that [he intervening plaintiff entered into a lease with the defendant, dated November 6, 1989, which provides, in pertinent part, in paragraph six as follows:
 Lessee covenants and agrees that it will provide and keep in force insurance policies protecting the lessor and/or lessee from liability in the amount not less than $500,000.00 in respect to any one accident or disaster
The defendant claims that, pursuant to this lease, the intervening plaintiff is liable for the plaintiffs' claims and seeks indemnification for any judgment that may be rendered against him in favor of the plaintiffs.
The intervening plaintiff was defaulted for failure to timely answer the defendant's counterclaim and has moved to open the default, which motion is hereby granted by the court.
The intervening plaintiff has filed a motion to strike the defendant's counterclaim on the grounds that the counterclaim fails to state a claim for indemnity upon which relief can be granted.
A motion to strike is the proper vehicle by which to challenge the legal sufficiency of the allegations of any counterclaim to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). In ruling on a motion to strike a court is limited to the facts alleged in the complaint and the court must construe the allegations in the pleading most favorably to the plaintiff. Id.
The intervening plaintiff claims that the defendant has not alleged the elements necessary for a claim for active/passive negligence. The intervening plaintiff argues CT Page 2418 that the language of paragraph six of the lease between the intervening plaintiff and the defendant does not amount to an agreement by the intervening plaintiff to indemnify the defendant for any and all claims made against it, but rather provides only that the intervening plaintiff maintain insurance in various amounts. The defendant argues that the only purpose for providing liability insurance for the protection of the lessor is to indemnify and protect the lessor.
When a third party, in a suit by the employee, seeks recovery against a contributorily negligent employer, indemnification is ordinarily denied on the ground that the employer cannot be held jointly liable in tort to the employee because of the operation of the exclusive remedy provisions of the Worker's Compensation Act, General Statutes 31-284 (a). Ferryman v. Groton, 212 Conn. 138, 144 (1989). Section 31-284 (a) provides, in pertinent part as follows:
 All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter.
While worker's compensation is the exclusive remedy for employees against their employers, exceptions apply to third parties:
 "When the third party, in a suit by the employee, seeks recovery over a contributory negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed."
Ferryman v. Groton, supra, 144-45, quoting 2A A. Larson, Workmen's Compensation Law CT Page 2419
In the present case, the relationship between the intervening plaintiff and the defendant is that of lessor-lessee. This relationship sufficiently establishes an independent relationship between the parties. See Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co.,141 Conn. 539, 544 (1954).
The existence of an independent legal relationship is, however, insufficient to avoid the worker's compensation bar without a further showing that the relationship gives rise to an independent legal duty that would support the defendant's indemnity claim. Atkinson v. Berloni, 23 Conn. App. 325, 327
(1990). The defendant argues that paragraph six of the lease between the parties establishes a legal duty requiring the intervening plaintiff to indemnify the defendant.
"Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Id. The defendant has failed to allege an independent legal relationship giving rise to a special duty to the defendant from which an implied promise or duty to indemnify might arise. An implied promise or duty to indemnify does not arise from an agreement to provide insurance in various amounts.
Accordingly, the intervening plaintiff's motion to strike the defendant's counterclaim is granted.
Hendel, J.