[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant car rental company moves for summary judgment on the ground that the driver was an unauthorized driver.
The plaintiff, Norma Colon, filed a two count complaint against the defendants, Martin Delgado, Angel Quiros, and Connecticut Car Rental, Inc., dba Airways Rent-A-Car, for injuries arising out of an automobile accident. Count one is directed at Delgado and Quiros, and count two is directed at Connecticut Car Rental, Inc. Delgado was driving the automobile when it struck the plaintiff's vehicle. The automobile had been leased to Quiros by Connecticut Car Rental.
The contract specifically prohibits the use of the rental car "by any person other than a person signing this contract, unless a written consent is endorsed on page 1 of this contract." Exhibit C, attached to Objection to Motion for Summary Judgment.
On November 10, 1994, Connecticut Car Rental moved for summary judgment, arguing that no genuine issues of material fact exist, and that, despite General Statutes § 14-154a,[1]
it is entitled to judgment as a matter of law based onPedevillano v. Bryon, 231 Conn. 265 (1994). Connecticut Car Rental filed the affidavit of Edward Michaels, Treasurer of Connecticut Car Rental, the lease, and the accident report in support of its motion.
The plaintiff filed an objection to Connecticut Car Rental's motion for summary judgment, along with supporting documentation.
"Pursuant to Practice Book Section 384, summary judgment CT Page 2646 shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter or law." Id. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
Connecticut Car Rental argues that it is not liable for the plaintiff's injuries because the driver, at the time of the accident, was not an authorized driver under the lease agreement. In response, the plaintiff argues that the restrictions imposed by the lessor on the lessee of a motor vehicle must be reasonable. The plaintiff further argues that the emergency situation in the present case makes strict compliance with the lease agreement unreasonable.
The issue of "whether General Statutes § 14-154a imposes liability on the lessor of a motor vehicle for the tortious operation of that motor vehicle by a person who is not an 'authorized driver' within the terms of the lease agreement" was addressed recently by the Supreme Court. Pedevillano v.Bryon, supra, 231 Conn. 266. The court noted that liability is consistently imposed on the lessor of the vehicle when that vehicle is "being operated by one in lawful possession of itpursuant to the terms of the contract of rental." (Emphasis in original.) Id., 268, quoting Gionfriddo v. Avis Rent A CarSystem, Inc., 192 Conn. 280, 284, 472 A.2d 306 (1984).
The court held that General Statutes § 14-154a "does not, in its terms, preclude a lessor from imposing reasonable
restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk." (Emphasis added.) Pedevillano v. Bryon, supra,231 Conn. 270.
Additionally, in Pedevillano, the court noted that the "plaintiff does not contend that the definition of the class of `authorized drivers' in the lease agreement was either unconscionable in its inception or invoked by the lessor in bad faith." Id., 270 n. 4. CT Page 2647
Unlike the lease provision in Pedevillano, which defined an authorized driver as the renter's spouse, employer, co-worker engaged in business-related activity, persons parking the vehicle at commercial establishments, and "persons duringan emergency situation;" Id., 267 n. 2; the lease provision in the present case provides a blanket prohibition against operation by "any person other than a person signing this contract" without Connecticut Car Rental's consent. Exhibit C, attached to Objection to Motion for Summary Judgment.
The plaintiff argues that this is a unique situation because the unauthorized driver was responding to a medical emergency. See exhibits attached to Objection to Motion for Summary Judgment. Special consideration has been given to persons acting in emergency situations under other circumstances. See, e.g., Degnan v. Olson, 136 Conn. 171,177, 69 A.2d 642 (1949); State v. Ouellette, 34 Conn. Sup. 649-50,382 A.2d 1005 (1977) (noting that the "rule is that violation of an automobile traffic regulation will be excused only where the violation occurs by reason of circumstances beyond the driver's control and to which he did not by voluntary wrongful act contribute") (Citations omitted).
The present case is factually distinguishable fromPedevillano. A genuine issue of fact exists as to whether under these circumstances, where a relative of the lessee uses the car to get medication for a sick child, a rental agreement that makes no allowance for emergency situations is reasonable. There is also a factual question as to whether these facts support a finding of a medical emergency situation. Accordingly, Connecticut Car Rental's motion for summary judgment is denied.