[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO SUMMARY JUDGMENT
On August 8, 1994, the plaintiff, Veronica Boian, filed a two count amended complaint against the defendants, Viorica Sandu, and Snappy Car Rental, Inc., for injuries arising out of an automobile accident. Boian rented the car from Snappy, and Sandu was driving the car at the time of the accident. Count one is directed at Sandu, and count two is directed at Snappy.
The court, Hale, J., granted Snappy's motion for summary CT Page 2590 judgment on December 2, 1994.
On December 6, 1994, Sandu filed a motion to reargue the motion for summary judgment, arguing that genuine issues of material fact exist consistent with Pedevillano v. Bryon,231 Conn. 265 (1994), and General Statutes § 14-154a.[1]
Reargument was granted by the court on January 5, 1995, and heard on January 9, 1995.
"Pursuant to Practice Book Section 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter or law." Id. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
Snappy argues that it is not liable for the plaintiff's injuries, because the driver at the time of the accident was not an authorized driver under the lease agreement. Sandu argues that the restrictions must be reasonable, and that the emergency situation in the present case makes strict compliance with the lease agreement unreasonable.
The issue of "whether General Statutes § 14-154a imposes liability on the lessor of a motor vehicle for the tortious operation of that motor vehicle by a person who is not an `authorized driver' within the terms of the lease agreement" was addressed recently by the Supreme Court. Pedevillano v. Bryon,
supra, 231 Conn. 266, subsequent to this court's first decision. The Supreme Court noted that liability is consistently imposed on the lessor of the vehicle when that vehicle is "being operated by one in lawful possession of it pursuant to the terms of thecontract of rental." (Emphasis in original.) Id., 268, quotingGionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280, 284,472 A.2d 306 (1984).
The court held that General Statutes § 14-154a "does not, in its terms, preclude a lessor from imposing reasonable
restrictions on the identity of those to whom it is willing to CT Page 2591 entrust its property and for whose conduct it is willing to assume risk." (Emphasis added.) Pedevillano v. Bryon, supra,231 Conn. 270. Additionally, in Pedevillano, the court noted that the "plaintiff does not contend that the definition of the class of `authorized drivers' in the lease agreement was either unconscionable in its inception or invoked by the lessor in bad faith." Id., 270 n. 4.
Unlike the lease provision in Pedevillano, which defined an authorized driver as the renter's spouse, employer, co-worker engaged in business-related activity, persons parking the vehicle at commercial establishments, and "persons during an emergencysituation;" Id., 267 n. 2; the lease provision in the present case defines an authorized driver as an "`Authorized Renter' or Authorized Renter's Spouse." Lease Agreement, para. 2.
The plaintiff argues that this is a unique situation because the unauthorized driver was driving the car because the authorized driver fell ill. In Knowlin v. McNeil, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 367333 (September 2, 1993, Hennessey, J.), the court articulated that:
 [t]he word "permission" has broad scope and it is not necessarily limited to that granted by arrangement between the parties or otherwise in definite, express terms. It may arise, and be implied, from a course of conduct, pursued, with knowledge of the facts, for such time and in such manner as to signify, and be compatible only with, an understanding consent amounting to a grant of the privilege involved.
Against this background, the court finds that a genuine issue of material fact exists as to whether Sandu received implied permission to drive the vehicle at the time of the collision. Connecticut case law demonstrates that emergency situations are given consideration in these circumstances. See, e.g., Martin v.Holway, 126 Conn. 700, 703, 14 A.2d 38 (1940) (holding driver not negligent where traffic violation occurs due to circumstances beyond his control and without voluntary wrongful act on his part); See also Knowlin v. McNeil, supra, (court denied lessor's motion for summary judgment and held that whether a third party tortfeasor who was operating lessor's vehicle at the time of the accident lacked permission from the lessor or lessee of the CT Page 2592 vehicle presented a genuine issue of fact.).
The court interprets Pedevillano as allowing for exceptions in emergency situations from the rule that rental agents may place restrictions on authorized drivers. The court finds that a genuine issue of material fact exists as to whether this case presents such a situation, and whether the lease agreement is unreasonable in prohibiting authorization for persons driving under emergency circumstances.
Accordingly, Snappy's motion for summary judgment is denied.
Hale, State Trial Referee