[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a five count complaint seeking damages for personal injuries sustained in an automobile accident on June 29, 1993. Plaintiff was a passenger in an automobile operated by defendant Terrance L. Smith, and leased by defendant Thomas Smith, the brother of Terrance L. Smith, from defendant Enterprise Rent-A-Car. The accident occurred when the vehicle became involved in a collision with a fire truck operated by the City of Hartford.
On November 12, 1994, defendant Enterprise filed a motion for summary judgment, claiming that pursuant to Connecticut General Statutes § 14-154a is not liable for any damage to any person by the operation of its motor vehicle by defendant Terrance Smith, because Terrance Smith was an unauthorized driver under CT Page 5766 the terms of its rental contract with Thomas Smith.
 I.
The rental contract to Thomas Smith states; "REQUEST FOR PERMISSION FOR PERSONS OTHER THAN RENTER TO DRIVE. NO OTHERS."
Connecticut General Statutes § 14-154a states that
 [a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such vehicle while so rented or ' leased, to the same extent as the operator would have been liable if he had also been the owner.
Defendant claims it is entitled to summary judgment underPedevillano v. Bryon, 231 Conn. 265, 268 (1994). In that case our Supreme Court stated that
 [w]e have repeatedly stated our view of the purpose of the statute. It cannot be regarded otherwise than as an expression of legislative judgment as to the extent — beyond the limitations of the general principles of respondeat superior and the `family-car doctrine' — to which the owner of a motor vehicle which he entrusts to another should be liable for the acts of the latter. . . . We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operation; provided the vehicle at the time in question is being operated by one in lawful possession of it pursuant to the terms of the contract of rental. (Emphasis in original).
We note that unlike in Pedevillano, supra, where the rental agreement specifically addressed the individuals who were to be considered authorized drivers, in the present case, the contract made no such mention of who qualified as an authorized driver. Instead, it merely states that "no others" requested permission to drive this.
Secondly, plaintiff has filed an affidavit alleging that just prior to the accident Thomas Smith, the authorized lessee, had CT Page 5767 parked the car near the intersection of Garden and Nelson Streets, left the car to go into a store leaving the plaintiff and Terrance Smith in the car, that a uniformed police officer approached saying "Move that car", that Terrance Smith got into the driver's seat to comply with the officer's direction, at which point the accident occurred. A transcript of a telephone interview of Thomas Smith taken on July 16, 1993 by Pamela Brown, a claims adjustor, contains a statement by Thomas Smith that when he parked the car on Nelson Street because there was a fire nearby on Garden Street with fire trucks all around and he was not permitted to proceed further; that as he was coming out of the store he saw a fire truck come around the corner and hit the car.
While some of these statements are informal and close to hearsay, this version of the events has not been contradicted.
In Knowlin v. McNeil, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 367333 (September 2, 1993) (Hennessey, J.), the court in denying a motion for summary judgment by a rental company because the operator had no express permission to drive stated:
 [t]he word "permission" has broad scope and it is not necessarily limited to that granted by arrangement between the parties or otherwise in definite, express terms. It may arise, and be implied, from a course of conduct, pursued, with knowledge of the facts, for such time and in such manner as to signify, and be compatible only with, an understanding consent amounting to a grant of the privilege involved.
Plaintiff claims that the emergency situation which arose in this case gave implied permission to Terrance Smith, brother of the lessee, to move the car at the direction of the police officer.
The lease agreement in this case did not make any exception for the occurrence of an emergency of the kind asserted by the plaintiff in this case. However, it has been suggested in the treatises on contracts that "where an unforeseen event which makes impossible the performance of a contractual duty occurs subsequent to the formation of the contract, it is often held that the provider is excused from performing. See, e.g. CT Page 5768Contracts, Calamari and Perillo West 2d. Ed. 1977 § 13.1. In such an event the questions presented are (1) Was there an unexpected event, (2) Did the event make performance impossible or impracticable, (3) Upon who should the risk of the unexpected contingency be visited. id. See Restatement (Second) of Contracts Introductory Note to Chapter 11.
Connecticut case law demonstrates that emergency situations are given consideration in other circumstances. See, e.g., Martinv. Holway, 126 Conn. 700, 703, 14 A.2d 38 (1940) (holding driver not negligent where traffic violation occurs due to circumstances beyond his control and without voluntary wrongful act on his part).
In a recent Superior Court case involving similar issues, a motion for summary judgment by the rental car company was denied, the court finding:
 The present case is factually distinguishable from Pedevillano. A genuine issue of fact exists as to whether under these circumstances, where a relative of the lessee uses the car to get medication for a sick child, a rental agreement that makes no allowance for emergency situations is reasonable. There is also a factual question as to whether these facts support a finding of a medical emergency situation.
Colon v. Delgado, et al. 13 Conn. L. Rptr. No. 19, 621 (May 8, 1995) (Hennessey, J.).
In the present case, plaintiff asserts that an emergency occurred, in that the automobile rented was parked near a fire; that an officer in charge ordered the passenger, the plaintiff's brother, to move the automobile from the scene; that when the brother was doing so, the automobile was struck by an emergency vehicle.
There appears to be genuine issues of fact in this case as to whether these circumstances made the contract with no excuse for emergency unreasonable and whether the circumstances involved support a finding of emergency.
Motion for Summary Judgment is denied.
Wagner, J. CT Page 5769