[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ramona Balonze has filed a one count complaint in negligence against the defendants, Christopher W. Alterio and Snappy Car Rental (Snappy). The plaintiff alleges in her complaint that on February 4, 1994, while operating a vehicle owned by Snappy, Alterio struck the vehicle being operated by the plaintiff, from behind, while she was traveling eastbound on I-95 in Fairfield, Connecticut. The plaintiff further alleges that she has suffered injuries from the collision. Snappy has filed a motion for summary judgment on the ground that it is entitled to judgment as a matter of law because the leased vehicle was being operated by Alterio, an unauthorized driver.
"`Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to CT Page 1272-c any material fact and that the moving party is entitled to judgment as a matter of law.' (Internal quotation marks omitted.)Miller v. United Technologies Corp., 233 Conn. 732, 744-45,660 A.2d 810 (1995). `In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .' (Internal quotation marks omitted.) Id., 745." Doty v. Mucci, 238 Conn. 800, 805, 679 A.2d 945
(1996). "`The test is whether a party would be entitled to a directed verdict on the same facts. . . .' (Citations omitted; internal quotation marks omitted.) Connecticut Bank Trust Co.v. Carriage Lane Associates, [219 Conn. 772, 781, 595 A.2d 334
(1991)]." Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "`The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381.' (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994)." Doty v. Mucci, supra, 238 Conn. 805-06.
Snappy claims that Alterio was an unauthorized driver under the rental contract, and that therefore, it is not liable for his negligence. The Supreme Court in Pedevillano v. Bryon,231 Conn. 265, 268, 648 A.2d 873 (1994) stated that "`[w]e have consistently construed [General Statutes § 14-154a[1]] as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawfulpossession of it pursuant to the terms of the contract ofrental.' (Citations omitted; emphasis added; internal quotation marks omitted.) Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 280, 284, 472 A.2d 306 (1984); Fisher v. Hodge,162 Conn. 363, 369, 294 A.2d 577 (1972); Graham v. Wilkins, 145 Conn. 34,37, 138 A.2d 705 (1958); Farm Bureau Mutual Automobile Ins. Co.v. Kohn Bros. Tobacco Co., 141 Conn. 539, 542, 107 A.2d 406
(1954); Connelly v. Deconinck, 113 Conn. 237, 240, 155 A. 231
(1931); Levy v. Daniels' U-Drive Auto Renting Co., 108 Conn. 333,336, 143 A. 163 (1928); Marshall v. Fenton, 107 Conn. 728, 731,141 A. 403 (1928)." The court also stated that "[w]e are equally unpersuaded that, even liberally construed, § 14-154a imposes unlimited liability on any lessor that voluntarily entrusts a CT Page 1272-d motor vehicle to a lessee." Id., 269. "The statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement. Gionfriddo v. Avis Rent ACar System, Inc., supra, 192 Conn. 284; Fisher v. Hodge, supra,162 Conn. 367-68; Graham v. Wilkins, supra, 145 Conn. 37-41; FarmBureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co.,
supra, 141 Conn. 541; Connelly v. Deconinck, supra,113 Conn. 238-39; Levy v. Daniels' U-Drive Automobile Renting Co., supra,108 Conn. 334." Id., 270.
Snappy has filed an affidavit attesting that the vehicle was rented to Karen Capra and that Alterio was not an authorized driver under the rental agreement. Snappy also provided a copy of the rental agreement which provides in paragraph 2 that "[t]he car may be driven only by an `Authorized Renter' or Authorized Renter's Spouse. An Authorized Renter is ONLY a person who has signed this agreement as an Authorized Renter at the time of rental. . . ." (Emphasis in original.) The agreement provided is signed only by Karen Capra.
The plaintiff argues that Alterio was driving due to a sudden medical emergency of Capra, and that this is an exception to the rule announced in Pedevillano. Three judges of this court have opined that Pedevillano may be distinguished on the basis that the lease agreement contemplated that persons driving due to medical emergency situations were authorized drivers. See Colonv. Delgado, Superior Court, judicial district of Hartford/New Britain at Hartford, No. 399603 (13 Conn. L. Rptr. 621) (March 17, 1995, Hennessey, J.); Boian v. Snappy Car Rental, Superior Court, judicial district of Hartford/New Britain at Hartford, No. 536672 (13 Conn. L. Rptr. 639) (March 21, 1995, Hale, S.T.R.);Googe v. Enterprise Rent-A-Car Co., Superior Court, judicial district of Hartford/New Britain at Hartford, No. 539319 (14 Conn. L. Rptr. 263) (May 17, 1995, Wagner, J.,).[2]
This court rejects the plaintiff's argument for two reasons. First, I have previously rejected such an interpretation ofPedevillano and such a subversion of the parties' contract inRios v. Thrifty Rent-A-Car System, Inc., Superior Court, judicial CT Page 1272-e district of Fairfield at Bridgeport, No. 325915 (16 Conn. L. Rptr. 265) (February 22, 1996). This court reiterates that "[i]t is fundamental jurisprudence that parties are free to contract for whatever terms they may agree on. Holly Hill Holdings v.Lowman, 226 Conn. 748, 755, 628 A.2d 1298 (1993). Likewise, courts should enforce contracts voluntarily and fairly made between parties, unless the contract is voidable on grounds such as mistake, fraud or unconscionability. Id., 756. "Courts of law must allow parties to make their own contracts." ConnecticutUnion of Telephone Workers v. Southern New England Telephone Co.,148 Conn. 192, 201, 169 A.2d 646 (1961). M L Building Corp. v.Housing Authority, 35 Conn. App. 379, 382 (1994), cert. denied,231 Conn. 925 (1994). In the absence of a legislative command to do otherwise, it is the business of courts to enforce contracts, not to remake them. There is a very real cost to a business and its consumers when courts fail to do so." (Internal quotation marks omitted.) Rios v. Thrifty Rent-A-Car System, Inc., supra. While, as the Colon and Googe courts observed, "[s]pecial consideration has been given to persons acting in emergency situations under other circumstances. See, e.g., Degnan v. Olson,136 Conn. 171, 177, 69 A.2d 642 (1949); State v. Ouellette,34 Conn. Sup. 649-50, 382 A.2d 1005 (1977)"; Colon v. Delgado,
supra; see also Martin v. Holway, 126 Conn. 700, 703, 14 A.2d 38
(1940) (holding driver not negligent where traffic violation occurs due to circumstances beyond his control and without voluntary wrongful act on his part); such consideration has not yet extended to imposing liability on an innocent party who has specially contracted not to vicariously incur it.
Secondly, even if the exception advocated by the plaintiff were found to exist, the facts here do not justify it. The only evidence submitted by the plaintiff is a letter of Capra's physician who states that Capra had been under her care for treatment of diabetes mellitus, and that on the date of the accident Capra "had an insulin reaction and was unable to continue to operate her motor vehicle." However, the letter from Capra's physician does not disclose that she personally witnessed this event, nor does the plaintiff provide affidavits of anyone with personal knowledge of Capra's medical condition at the time of the accident. In keeping with this court's earlier decision, Snappy's motion for summary judgment is granted.
Dated at Bridgeport this 9th day of January 1997.
Bruce L. Levin CT Page 1272-f
Judge of the Superior Court