[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs, Khamphiou Chansouk and Somkhit Chansouk, bring this action against the defendants, Nickalos Peterson and VW Credit, Inc., to recover for injuries sustained as a result of an automobile accident which occurred on Route 116 in Ridgefield.
On December 21, 1997, at approximately 5 p.m., the plaintiff, Khamphiou Chansouk, was operating a 1987 Toyota southbound on Route 116, also known as North Salem Road.
His wife, Somkhit Chansouk, was a, passenger seated in the front of the vehicle.
The highway is a two lane road with one lane of travel in each direction.
The defendant, Nickalos Peterson, was operating a motor vehicle leased from the defendant, VW Credit, Inc., southbound, behind the vehicle being operated by Khamphiou Chansouk.
The defendant's son, Christopher Peterson, was a passenger in the leased vehicle.
The plaintiff testified that he observed a deer crossing the highway and brought his vehicle to a stop in order to avoid contact.
While stopped, according to the plaintiff, his vehicle was struck from behind by the Peterson vehicle. CT Page 10001
The defendant, Nickalos Peterson, testified that he did not see any deer, and claims that the plaintiff's car was moving very slowly, and appeared to be stopping and starting as it proceeded down the highway.
Prior to impact, the Peterson vehicle left ten (10) feet of skid marks on the road surface, and the vehicle was towed from the scene because the radiator was leaking.
At the scene, the plaintiff informed the investigating police officer that he witnessed a deer coming onto the highway prior to impact (Exhibit 1).
In addition to the claims of both plaintiffs against the defendants, Nickalos Peterson and VW Credit, Inc., the defendant, VW Credit, Inc., has filed a cross claim against Nickalos Peterson, seeking indemnification for any judgment rendered against it pursuant to §14-154a[1] of the General Statutes.
The lease agreement (Exhibit 45) contains four pages and carries what appear to be the signatures of Nickalos Peterson and his wife, Dawn Peterson.
The cross claim is pleaded in three counts.
The first count claims breach of contract, while the second count is a claim for common law indemnification.
Count three seeks indemnification pursuant to a provision in the lease agreement, Clause 26.[2]
The case was claimed for the jury docket, but the parties agreed to waive a jury trial and to try all of the issues involved in the complaint and cross claim to the court.
 LIABILITY
The plaintiff claims to have been operating his vehicle on a road, North Salem Road, with which he was familiar.
He testified at trial that he stopped in response to a deer crossing the highway, a version consistent with that related to the police officer at the scene.
The defendant, Nickalos Peterson, did not see the deer, and was unable to avoid contact with the plaintiffs vehicle, which was stopped in the CT Page 10002 travel portion of the highway.
The defendant's vehicle produced skid marks at the scene, and the impact was sufficiently severe to require the vehicle to be towed from the scene due to a radiator leak.
Although the plaintiff might have blown his horn to warn vehicles traveling behind him or attempted to pull to the side of the road, the court finds that the negligence of the defendant, Nickalos Peterson, was the primary cause of the December 21, 1997 incident.
IT IS FOUND that the defendant, Nickalos Peterson, was inattentive and failed to keep a proper lookout for other vehicles on North Salem Road, that he failed to apply his brakes in a timely fashion, or turn his vehicle to the left or right in order to avoid colliding with the rear of the plaintiff's vehicle.
IT IS FOUND that the defendant, Nickalos Peterson, was following the plaintiff's vehicle more closely than was reasonable and prudent in violation of § 14-240 of the General Statutes.
IT IS FOUND that the negligence of Nickalos Peterson was the proximate cause of the December 21, 1997 accident.
IT IS FOUND that the plaintiff, Khamphiou Chansouk, was negligent in that he failed to blow his horn or signal his intention to stop, and that he failed to pull his vehicle to the side of the road.
IT IS FOUND that the negligence of the plaintiff was the proximate cause of the December 21, 1997 accident.
IT IS FOUND that 90 percent of the negligence which caused the accident of December 21, 1997 is attributable to the defendant, Nickalos Peterson, while 10 percent of the negligence is attributable to the plaintiff, Khamphiou Chansouk.
 DAMAGES — KHAMPHIOU CHANSOUK
Khamphiou Chansouk first sought medical treatment following this accident from Dr. Thomas Nipper on February 23, 1998.
He claims to have sustained neck and low back pain for a couple of weeks and continued to work at his job during that period of time.
The plaintiff reported constant pain and discomfort, and came under the care of Connecticut Family Chiropractic in 1999. CT Page 10003
There is no indication that the plaintiff will be required to undergo future surgical or other medical treatment or have physical therapy in addition to that which he received in February and March of 1998. (Exhibit K.)
An MRI examination revealed no ruptured discs, but did show some bulging.
Although the amount of chiropractic manipulation received may appear generous, the evidence revealed improvement as a result of the treatments received. (Exhibit 12.)
No claim is made by way of economic damages for either lost wages or a loss of earning capacity.
IT IS FOUND that the plaintiff, Khamphiou Chansouk, should recover the sum of $9,109 in economic damages proximately resulting from the accident of December 21, 1997.
Although no claim is made for lost time from employment, the plaintiff continued to perform physical labor as a custodial employee of the Ridgefield Board of Education.
He continued to perform physical labor, although he experienced increased pain, particularly when required to perform lifting and bending activities.
The plaintiff is 51 years old and has a life expectancy of 25.7 years.
Although he relates experiencing improvement over time, he is left with chronic residual pain in both the cervical and lumbosacral area.
Because his job requires lifting and standing for long periods of time, the condition is exacerbated at work.
All of the physicians who examined the plaintiff, including Dr. Michael Craig, who performed an examination at the request of the defendants, agree that he is left with a residual disability or impairment of the lumbar spine. (Exhibit C.)
IT IS FOUND that the plaintiff, Khamphiou Chansouk, should recover the sum of $24,000 by way of non-economic damages.
 DAMAGES — SOMKHIT CHANSOUK
Following the accident, the plaintiff, Somkhit Chansouk, was taken by ambulance to Danbury Hospital for treatment. CT Page 10004
She complained at the hospital of neck and low back pain, and was treated and released.
She was referred to Dr. Fish following her initial treatment, and came under the care of Dr. Sclafani, a doctor of chiropractic, who treated her through November of 1999.
Both Dr. Depuy (Exhibit 8) and Dr. Craig, who examined the plaintiff at the request of the defendants, believe that she sustained a permanent disability or impairment to both the cervical and the lumbosacral spines as a result of the accident.
There are no claims for future medical or surgical treatment, and the plaintiff was not employed outside the home at the time of the accident.
IT IS FOUND that the plaintiff, Somkhit Chansouk, should recover the sum of $12,342 in economic damages, proximately resulting from the December 21, 1997 accident.
The plaintiff sustained permanent injury to two separate portions of her body, the neck and back.
As a 44 year old female, she has a life expectancy of 37 years.
A herniated disc is observed at the L-5-S-1 level of the spine.
She also underwent trigger point injections, a very painful procedure, in an effort to obtain relief.
IT IS FOUND that the plaintiff, Somkhit Chansouk, should recover the sum of $28,000 by way of non-economic damages.
 CROSS CLAIM OF THE DEFENDANT, VW CREDIT, INC.
The cross claim filed by the defendant, VW Credit, Inc. contains three counts, each of which seeks an order directing the defendant, Nickalos Peterson, to indemnify VW Credit, Inc. in the event of a judgment against both defendants.
The defendant also makes the claim, by way of special defense, that Nickalos Peterson was not an authorized driver under the terms of the lease and that VW Credit is not liable for his actions.
In count one of the cross claim, the defendant claims that Nickalos Peterson breached the lease agreement by failing to maintain a policy of CT Page 10005 insurance as mandated by the lease.
This claim, which is mirrored in the special defense, argues that because the vehicle was not insured, Nickalos Peterson was in breach of the lease and was not authorized to drive the vehicle.
The lease agreement requires the lessee to maintain insurance coverage of $100,000 per person and $300,000 per accident.
It further requires that the policy of insurance name VW Credit, Inc. as an additional insured on the policy.
The terms of the lease agreement do not provide that the lease is automatically canceled if the required insurance coverage is not maintained.
The lease agreement gives VW Credit, Inc. "the right, but not the obligation, to obtain . . . insurance on your behalf at your expense. Such insurance may include vendor's single interest coverage, which protects VCI's interest only."
In Clause 23, VW Credit, Inc. is given the ability to declare the lessor in default, if "B. . . . you do not maintain continuous insurance coverage at all times."
There was no evidence presented concerning VW Credit, Inc. declaring Nickalos Peterson in default under the lease prior to December 21, 1997.
Nor does the lease contain any clause providing for the automatic termination of the lease in the event that insurance coverage is not maintained.
It is therefore found that the lease agreement (Exhibit 45) was in effect at the time of the accident on December 21, 1997.
Judgment should therefore enter in favor of the plaintiff, Nickalos Peterson, on count one of the defendant's cross claim.
 COMMON LAW PRINCIPLES OF INDEMNIFICATION DO NOT APPLY
The defendant, VW Credit, Inc., also seeks indemnification against Nickalos Peterson based upon common law principles of indemnification.
VW Credit, Inc. claims, as required in order to maintain a claim for indemnification at common law, that Nickalos Peterson was in exclusive control of the situation to the exclusion of VW Credit, Inc. at the time CT Page 10006 of the accident.
It also argues a right of indemnification consistent with Farm BureauMutual Auto. Ins. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539 (1954).
In the third count of his cross claim, the plaintiff has alleged the four elements which must be proven to establish a common law claim for indemnification: (1) that the other tortfeasor must have been negligent; (2) that the negligence must have been a direct and immediate cause of the incident; (3) the other tortfeasor was in control of the situation to the exclusion of the party seeking indemnification; and (4) the party seeking indemnification must not have known of the other tortfeasor's negligence, had no reason to anticipate the negligence, and had a right to rely upon the other tortfeasor not to be negligent. Kaplan v. MerbergWrecking Corp., 152 Conn. 405, 416 (1965); Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 74 (1990); Skuzinski v. Bouchard Fuels,Inc., 240 Conn. 694, 697 (1997).
Indemnity involves a claim for reimbursement in full, and shifts the impact of liability from passive tortfeasors to active ones. Kyrtatas v.Stop Shop, Inc., 205 Conn. 694, 697-98 (1988); Atkinson v. Berloni,23 Conn. App. 325, 326-27 (1990).
However, principles of common law indemnification find no application here, where the liability of VW Credit, Inc. is predicated solely upon the application of § 14-154a to the facts of this case.
The statute imposes liability vicariously, based upon the lessor-lessee relationship, independent of any acts of the lessor.
A principal whose liability rests solely upon the doctrine of vicarious liability or respondeat superior is not a joint tortfeasor with the actor from whose conduct the principal's liability is derived. Alvarez v. NewHaven Register, Inc., 249 Conn. 709, 720 (1999); Stulginski v.Cizauskas, 125 Conn. 293, 296 (1939).
The Connecticut Supreme Court has recently determined that the lessor of a motor vehicle is not a joint tortfeasor with the lessee, where a claim is based solely on vicarious liability imposed pursuant to §14-154a of the Connecticut General Statutes. Cubna v. Colon, 260 Conn. 15, 19-20 (2002).
The defendant VW Credit, Inc.'s reliance upon Farm Bureau Mutual Auto,Ins. Co. v. Kohn Bros, Tobacco Co., supra, 141 Conn. 539, is also misplaced. CT Page 10007
In that case, one Sam Silverherz had leased a truck to Kohn Brothers Tobacco Company, Inc.
An employee of the tobacco company, while riding in the vehicle, was injured through the negligent operation of the truck by a co-employee.
The injured employee obtained a judgment against Silverherz.
The insurance company, as subrogee for Silverherz, sought indemnification from the employer, Kohn Brothers.
The court in that case reasoned that any duty owed to Silverherz resulted from the leasing of the truck, not from the application of common law principles of indemnification. Farm Bureau Mutual Auto, Ins.Co. v. Kohn Bros, Tobacco Co., supra, 544.
In this case, the obligations of the parties are set forth in the lease agreement, which contains an integration clause:
 29. ENTIRE AGREEMENT. This lease contains the entire agreement between the Lessee and Lessor and is binding upon their heirs or assigns and supercedes all prior understandings, whether oral or written. This lease can be amended only when agreed to by both parties in writing, provided however, that this Paragraph 29 may not be amended in any circumstance.
Therefore, any indemnification claim must be based upon the lease agreement, not upon common law concepts which find no application where liability is imposed vicariously.
Judgment may therefore enter in favor of Nickalos Peterson, the defendant on the cross claim, as to count three.
 INDEMNIFICATION CLAUSE IN THE LEASE IS UNCONSCIONABLE AS TO THE DEFENDANT, NICKALOS PETERSON
The indemnification clause in the lease agreement, Clause 26, is found on page 4 of the agreement (Exhibit 45).
The defendant, VW Credit, Inc., seeks to enforce the indemnification clause and seeks an order directing Nicholas Peterson to indemnify it, in the event that a judgment is entered against the company pursuant to § 14-154a of the Connecticut General Statutes. CT Page 10008
The defendant, Nickalos Peterson, argues that the clause is unconscionable and therefore cannot be enforced against him based upon the evidence presented at trial.
For the resolution of this issue, additional facts must be considered.
The lease agreement (Exhibit 45) appears to contain the signatures of both the defendant, Nickalos Peterson, and his wife, Dawn Peterson.
At trial, Nickalos Peterson stated that his name appears on the document, but the signature is not his signature.
He stated that his signature was affixed to the document by his wife, who handled the entire transaction with representatives of the defendant, VW Credit, Inc.
The lease contains the signature of Joshua J. Weeks on behalf of VW Credit, Inc.
Nickalos Peterson, a doctor of chiropractic, testified that he played no role in the negotiation of the lease agreement and was not present when the document was signed.
He stated that the transaction was a consumer transaction of a type with which he was unfamiliar.
Nickalos Peterson had never been a party to an automobile lease prior to the lease with VW Credit, Inc.
The lease was kept by Nickalos Peterson in a safe at his office, and he never examined the document until after the accident of December 21, 1997.
The particular clauses in the lease were never explained to him, and he played no role in negotiating the terms of the lease agreement.
Although a trained medical practitioner, Nickalos Peterson stated that he did not understand the meaning of Clause 26, the indemnification clause in Exhibit 45.
Dawn Peterson, although a signatory to the lease, was not called as a witness in the case and is not a party to this action.
Nickalos Peterson testified that the first time he realized that the signature on the lease was not his signature was when the document was shown to him at a deposition conducted in conjunction with this CT Page 10009 litigation.
Nickalos Peterson acknowledged that he made payments required by the lease and that his wife had full authority to negotiate the lease when it was signed.
In Smith v. Mitsubishi Motors Credit of America, Inc., 247 Conn. 342
(1998), the Connecticut Supreme Court determined that an indemnification clause in an automobile lease agreement was not unconscionable, per se.
The court held that an indemnification clause is not inconsistent with the public policy of § 14-154a of the Connecticut General Statutes, which protects members of the public from injury caused by the improper use of a leased auto. Smith v. Mitsubishi Motors Credit of America,Inc., supra, 346.
The court held that the statutory duty imposed upon the lessor of a vehicle was not inconsistent with a clause providing for indemnification, and the clause was not, on its face, oppressive or substantively unconscionable.
In Smith, the court also determined, based upon the facts presented, that the clause was not procedurally unconscionable, and reversed a trial court finding holding the clause unconscionable and unenforceable.
The Smith court was faced with a dearth of information in the trial court, where the issue had been presented by way of a motion for summary judgment.
In Smith, the trial court found that the agreement had been signed by the operator, that no one had called the indemnification clause to the operator's attention, and that the clause was found on page 1 of the document.
The Supreme Court found that the information presented was not sufficient to support a finding of unconscionability. Smith v. MitsubishiMotors Credit of America, Inc., supra, 352.
Here, the defendant, Nickalos Peterson, did not sign the agreement and was not in a position to bargain concerning the clause.
The indemnification clause found in Exhibit 45 is on page 4 of a four page agreement, rather than on page 1, as in Smith.
Among the facts used by the Smith court, by way of illustration, which should be considered when determining whether an indemnification clause CT Page 10010 is procedurally unconscionable, are whether the transaction is a consumer transaction, whether the party had an opportunity to read the agreement, the size of the type and location of the clause, the opportunity to engage in bargaining concerning the term, and whether the individual had prior experience in automobile leases. Smith v. Mitsubishi Motors Creditof America, Inc., supra, 351.
Having considered those factors, as well as others surrounding the execution and negotiation of Exhibit 45, the court finds that the indemnification clause is procedurally unconscionable as applied to the defendant, Nickalos Peterson, and is therefore unenforceable as to him.
Judgment must therefore enter in favor of Nickalos Peterson, and against VW Credit, Inc., as to count two of the cross claim.
It should be noted that no finding is made as to Dawn Peterson, who is a signatory to Exhibit 45, but is not a party to this action. The court does not decide whether VW Credit, Inc. may pursue any action against Dawn Peterson pursuant to § 52-598 a of the General Statutes.[3]
 CONCLUSION
IT IS FOUND that the plaintiff, Khamphiou Chansouk, sustained total damages in the amount of $33,190 as a result of the automobile accident of December 21, 1997.
IT IS FOUND, based upon application of the rule of comparative negligence, that a verdict may enter in favor of Khamphiou Chansouk in the amount of $29,871 against both defendants.
IT IS FOUND that the plaintiff, Somkhit Chansouk, sustained total damages in the amount of $40,342.31 as a result of the automobile accident of December 21, 1997.
IT IS FOUND, based upon the application of the apportionment of damages rule, that a verdict may enter in favor of Somkhit Chansouk in the amount of $36,308.08 as against both defendants.
IT IS FOUND that judgment may enter in favor of Nickalos Peterson on all counts of the cross claim filed by the defendant, VW Credit, Inc.
A hearing will be required, pursuant to § 52-225a (b) of the General Statutes, to determine the total amount of collateral sources which have been paid for the benefit of each of the plaintiffs.
Radcliffe, J. CT Page 10011